GARRETT R. BROSHUIS
(Bar No. 329924)
gbroshuis@koreintillery.com
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Attorneys for Plaintiffs Taylor
Smart and Michael Hacker,
Individually and on Behalf of All
Those Similarly Situated
[*additional attorneys listed on
signature page*]

DENNIS STEWART (State Bar No. 99152)
dstewart@gustafsongluek.com
GUSTAFSON GLUEK PLLC
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (612) 333-8844
Facsimile: (612) 339-6622

Attorneys for Plaintiffs Joseph
Colon, Shannon Ray, Khala Taylor,
Peter Robinson, Katherine Sebbane,
and Patrick Mehlert, Individually
and on Behalf of All Those
Similarly Situated [*additional
attorneys listed on signature page*]

CAROLYN H. LUEDTKE
(State Bar No. 207976)
carolyn.luedtke@mto.com
JUSTIN P. RAPHAEL
(State Bar No. 292380)
Justin.Raphael@mto.com
CHRISTOPHER CRUZ
(State Bar No. 346128)
Christopher.Cruz@mto.com
JAVIER KORDI
(State Bar No. 348358)
Javier.Kordi@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Flr
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
National Collegiate Athletic
Association, an
Unincorporated Association.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, Individually and on Behalf of All Those Similarly Situated, <br><br> Plaintiffs, <br> v. <br> NATIONAL COLLEGIATE ASSOCIATION, an unincorporated association, <br> Defendant. | No. 2:22-cv-02125 WBS KJN <br><br> Chief United States Magistrate Judge Kendall J. Newman (KJN) *Assigned for non-dispositive matters* <br><br> **STIPULATED PROTECTIVE ORDER** |
| JOSEPH COLON, SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBAME, and PATRICK MEHLER, individually and on behalf of all those similarly situated, <br> Plaintiffs, <br> v. <br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, <br> Defendant. | No. 1:23-cv-00425 WBS KJN <br><br> Chief United States Magistrate Judge Kendall J. Newman (KJN) *Assigned for non-dispositive matters* |

## I.   INTRODUCTION

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following provisions.

## II.  SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the Producing Party or a non-party.  The parties anticipate production of the following categories of protected information:

A. "Confidential" information:

1. Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c);

2. Information protected from disclosure by statute;

3. Information that reveals trade secrets;

4. Research, technical, commercial, or financial information that the party has maintained as confidential;

5.  Medical information and protected health information concerning any individual;

6. Personal identifying information of any person who is not a party to this action, including absent class members;

7. Any information whose disclosure would cause severe competitive harm to the Designating Party if disclosed;

8. Personnel or employment records of a person who is not a party to this action,

9. Education records concerning any individual; and

10.  Other information the disclosure of which would breach a legal or contractual obligation.

B.  "Confidential" Information under this order does not include any information that

1. is publicly available at the time of disclosure and became publicly available through lawful means and without the violation of any court orders;

2. becomes publicly available after disclosure through no fault of the Receiving Party (defined below); or

3. the Receiving Party lawfully obtains at a later date from a third party without restriction as to disclosure.

C. "Attorneys' Eyes Only" information:

1. Documents, testimony, or information that contains, or is reasonably believed to contain, or is claimed by another party to contain education records defined

by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and any regulations passed pursuant to that Act by the Department of Education or any other federal agency ("FERPA Records") of any student who has not consented to the disclosure of such records; and

2. Other non-public, extremely sensitive confidential information, disclosure of which the Designating Party believes in good faith would create a substantial risk of serious financial, reputational, or other harm, or a serious violation of a privacy interest that could not be avoided by less restrictive means.

## III. DESIGNATION OF PROTECTED INFORMATION

A.   Scope:  This Order governs the production and handling of any protected information in this action.  Any party or non-party who produces protected information in this action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Order.  "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed.  Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from

designating entire documents.  Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action.  In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and E.D. Cal. L.R. 251, and Fed. R. Civ. P. 26 and 37.

B.   Application to Non-Parties: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party.  If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

C.   Timing and Provisional Protection:  Designations may be made at any time.  To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony.  Deposition testimony will be deemed provisionally protected for a period of 15 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines

of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D.   <u>Manner of Designation:</u>   Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies.  If made verbally, the Designating Party must promptly confirm in writing the designation.  Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image.

**IV.  CHALLENGES TO DESIGNATED INFORMATION**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to E.D. Cal. L.R. 251 and Fed. R. Civ. P. 37.  The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to

the challenge within 15 days.  At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order and shall remain Confidential or Attorneys' Eyes Only as designated. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**V.   LIMITED ACCESS/USE OF PROTECTED INFORMATION**

A.   <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and

consulting with the Designating Party before responding to the subpoena.  Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

B.   <u>Access to "Confidential" Information:</u>  The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Outside counsel for any party in this action and their employees who assist outside counsel in this action and are informed of the duties hereunder;

3.  The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

4. Experts or consultants employed by the parties or their counsel for purposes of this action, as well as mock jurors, so long as each such expert, consultant and mock juror has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

5. Any mediators that the parties may engage in this action or that the Court appoints, including

-8-

supporting personnel, so long as such mediator or

supporting staff signs the acknowledgment to be bound

to these terms that is attached hereto as <u>Exhibit A</u>;

6. Vendors who provide litigation support services

(e.g., photocopying, videotaping, translating,

preparing exhibits or demonstrations, and processing,

organizing, storing, reviewing, categorizing, or

retrieving data in any form or medium) whose

representative signs the acknowledgement to be bound

to these terms that is attached hereto as <u>Exhibit A</u>;

7. Entities who provide insurance coverage to parties in

this case, so long as any personnel employed by the

insurance entity who is to be granted access to the

information sign the acknowledgment to be bound to

these terms that is attached hereto as <u>Exhibit A</u>;

8. Witnesses in the action to whom disclosure is

reasonably necessary, so long as such witnesses

signed the acknowledgement to be bound to these terms

that is attached as Exhibit A unless the Receiving

Party has a good faith basis to believe that the

witness was an author or recipient of the information

designed as "Confidential"; and

9. Other witnesses or persons with the Designating

Party's consent or by court order.

  C. <u>Access to "Attorneys' Eyes Only" Designations:</u> Because designation of information as "Attorneys' Eyes Only" is more restrictive on disclosure and may interfere with the discovery process, such designations should be used only to the extent necessary. The parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Outside counsel for any party in this action and their employees who assist outside counsel in this action and are informed of the duties hereunder;

3. In-house counsel for each party and their employees who assist in-house counsel, who sign the acknowledgement to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

4. Any mediators that the parties may engage in this action or that the Court appoints, including supporting personnel, so long as such mediator or supporting staff signs the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

5. Experts or consultants employed by the parties or their counsel for purposes of this action, as well as mock jurors, so long as each such expert, consultant or mock juror has signed the acknowledgement to be

bound to these terms that is attached hereto as
Exhibit A;

6. Vendors who provide litigation support services
(e.g., photocopying, videotaping, translating,
preparing exhibits or demonstrations, and processing,
organizing, storing, reviewing, categorizing, or
retrieving data in any form or medium) whose
representative signs the acknowledgement to be bound
to these terms that is attached hereto as Exhibit A;

7. Witnesses at deposition for which the Receiving Party
has a good faith basis to believe that the witness
was an author or recipient of the information
designated as "ATTORNEYS' EYES ONLY"; and

8. Other witnesses or persons to whom the Designating
Party agrees in advance of disclosure or by court
order and who sign the acknowledgement to be bound to
these terms that is attached hereto as Exhibit A.

D.   Review of Witness Acknowledgments:  At any time and for
any purpose, including to monitor compliance with the terms
hereof, any Designating Party may demand to review all copies of
Exhibit A in any Receiving Party's possession.  The Receiving
Party must, within 3 business days of the demand, provide all
such copies to the Designating Party making the demand.
Notwithstanding the foregoing, if the Receiving Party has
retained an expert whose identity has not yet been disclosed to

the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts.  If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party.  However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

E.   <u>Non-Waiver Effect of Designations:</u>  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

F.   <u>In-Court Use of Designated Information</u>:  If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give

advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**VI.  CLAW-BACK REQUESTS**

A.   <u>Failure to Make Designation:</u>  If, at any time, a party or non-party discovers that it produced or disclosed protected information without the appropriate designation, the Producing Party shall promptly notify the Receiving Party within ten (10) business days of the discovery of the disclosure in writing and identify with particularity the information to be designated and the level of designation (the claw-back notification).  The Receiving Party shall promptly destroy the document and may then request substitute production of the newly-designated information.  Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has destroyed all copies that it received, made, and/or distributed; and (2) if it was practicably unable to destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable

to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.   <u>Inadvertent Production of Privileged Information:</u>  If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, trial-preparation privileges, or any other legally-recognized privilege, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5).  Whenever possible, the Producing Party must produce substitute information that redacts the information subject to the claimed protection.  The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.  The parties must also comply with E.D. Cal. L.R. 251 before seeking Court intervention to resolve any related dispute.

**VII. DURATION/CONTINUED RESTRICTIONS**

A.   <u>Handling of Designated Information Upon Conclusion of Action:</u>  Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies that can be reasonably located, regardless of the medium in which it was stored.  Within 60 days after the later of

-14-

dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible.  No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order.  This provision does not apply to the Court or Court staff.

    B.  Continued Restrictions Under this Order:  The restrictions on disclosure and use of confidential information survive the conclusion of this action.

**VIII.    REQUESTS TO SEAL**

    A.  Filing Documents Under Seal:  The parties shall comply with E.D. Cal. L.R. 141 when filing material designated as protected information pursuant to this order.  Over-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal.

    B.  Challenging "Confidential" or "Attorneys' Eyes Only" Designations: Prior to the filing of any motion seeking to

1  challenge the designation of information as "Confidential" or

2  "Attorneys' Eyes Only" as set forth in Section IV above, the

3  parties will request a telephonic conference with the Magistrate

4  Judge to discuss the issue, following which the contesting party

5  may move for an order removing or altering the "Confidential" or

6  "Attorneys' Eyes Only" designation with regard to such

7  document(s).

8

9  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

10  DATED:  September 29, 2023

11

12                          MUNGER, TOLLES & OLSON LLP

13

14

15  By:  _____*/s/CAROLYN HOECKER LUEDTKE*_____
                     CAROLYN HOECKER LUEDTKE
16                   CAROLYN H. LUEDTKE
                     (State Bar No. 207976)
17                   carolyn.luedtke@mto.com
                     JUSTIN P. RAPHAEL
18                   (State Bar No. 292380)
                     Justin.Raphael@mto.com
19                   CHRISTOPHER CRUZ
                     (State Bar No. 346128)
20                   Christopher.Cruz@mto.com
                     JAVIER KORDI
21                   (State Bar No. 348358)
                     Javier.Kordi@mto.com
22                   MUNGER, TOLLES & OLSON LLP
                     560 Mission Street,
23                   Twenty-Seventh Floor
                     San Francisco, California
24                   94105-2907
                     Telephone:    (415) 512-4000
25                   Facsimile:    (415) 512-4077

26                   *Attorneys for Defendant National*
                     *Collegiate Athletic Association*

27

28

1

KOREIN TILLERY, LLC

2

3

By:     /s/GARRETT R. BROSHUIS

4

GARRETT R. BROSHUIS
STEPHEN M. TILLERY *(pro hac vice)*
stillery@koreintillery.com

5

STEVEN M. BEREZNEY (Bar No.
329923)

6

sberezney@koreintillery.com
GARRETT R. BROSHUIS (Bar No.

7

329924)

8

gbroshuis@koreintillery.com
KOREIN TILLERY, LLC

9

505 North 7th Street, Suite 3600

10

St. Louis, MO 63101
Telephone: (314) 241-4844

11

Facsimile: (314) 241-3525

12

*Attorneys for Plaintiffs Taylor*
*Smart and Michael Hacker,*

13

*Individually and on Behalf of All*
*Those Similarly Situated*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GUSTAFSON GLUEK PLLC


By: _____/s/JAMIE CROOKS_____
          JAMIE CROOKS
    DENNIS STEWART
    (State Bar No. 99152)
    dstewart@gustafsongluek.com
    DANIEL E. GUSTAFSON
    (#202241 pro hac)
    dgustafson@gustafsongluek.com
    JOSHUA J. RISSMAN
    (#391500 pro hac)
    jrissman@gustafsongluek.com
    NOAH L. COZAD (#402643 pro hac)
    ncozad@gustafsongluek.com
    GUSTAFSON GLUEK PLLC
    Canadian Pacific Plaza
    120 South 6th Street, Suite 2600
    Minneapolis, MN 55402
    Telephone: (612) 333-8844
    Facsimile: (612) 339-6622

    *Attorneys for Plaintiffs Joseph
    Colon, Shannon Ray, Khala Taylor,
    Peter Robinson, Katherine Sebbane,
    and Patrick Mehlert, Individually
    and on Behalf of All Those
    Similarly Situated*

COLEMAN & HOROWITT, LLP


    DARRYL J. HOROWITT
    (State Bar No. 100898)
    dhorowitt@ch-law.com
    COLEMAN & HOROWITT, LLP
    499 West Shaw, Suite 116
    Fresno, CA 93704
    Telephone: (559) 248-4820
    Facsimile: (559) 248-4830

    *Attorneys for Plaintiffs Joseph
    Colon, Shannon Ray, Khala Taylor,
    Peter Robinson, Katherine Sebbane,
    and Patrick Mehlert, Individually
    and on Behalf of All Those
    Similarly Situated*

1  KIRBY McINERNEY LLP

2      ROBERT J. GRALEWSKI, JR.
3      (State Bar No. 196410)
       bgralewski@kmllp.com
4      MARKO RADISAVLJEVIC,
       (State Bar No. 306552)
5      mradisavljevic@kmllp.com
       KIRBY McINERNEY LLP
6      600 B Street, Suite 2110
       San Diego, California 92101
7      Telephone: (619) 784-1442

8      *Attorneys for Plaintiffs Joseph*
       *Colon, Shannon Ray, Khala Taylor,*
9      *Peter Robinson, Katherine Sebbane,*
       *and Patrick Mehlert, Individually*
10     *and on Behalf of All Those*
       *Similarly Situated*
11

12  THE LAW OFFICES OF LEONARD B.
    SIMON P.C.
13
       LEONARD B. SIMON
14     (State Bar No. 58310)
       lens@rgrdlaw.com
15     THE LAW OFFICES OF LEONARD B.
       SIMON P.C.
16     655 West Broadway, Suite 1900
       San Diego, CA 92101
17     Telephone: (619) 818-0644
       Facsimile: (619) 231-7423
18
       *Attorneys for Plaintiffs Joseph*
19     *Colon, Shannon Ray, Khala Taylor,*
       *Peter Robinson, Katherine Sebbane,*
20     *and Patrick Mehlert, Individually*
       *and on Behalf of All Those*
21     *Similarly Situated*

22

23

24

25

26

27

28

1              FAIRMARK PARTNERS, LLP

2                   JAMIE CROOKS
                    (State Bar No. 310447)
3                   (pro hac forthcoming)
                    jamie@fairmarklaw.com
4                   MICHAEL LIEBERMAN,
                    DC Bar No. 1033827
5                   (pro hac forthcoming)
                    michael@fairmarklaw.com
6                   FAIRMARK PARTNERS, LLP
                    1825 7th Street, NW, #821
7                   Washington, DC 20001
                    Telephone: (619) 507-4182
8
9                   *Attorneys for Plaintiffs Joseph*
                    *Colon, Shannon Ray, Khala Taylor,*
10                  *Peter Robinson, Katherine Sebbane,*
                    *and Patrick Mehlert*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>ORDER</u>

The court has reviewed the parties' stipulated protective order.  (<u>See</u> 1:23-cv-00425-WBS-KJN at ECF No. 54; 2:22-cv-02125-WBS-KJN at ECF No. 46.)  The stipulation comports with the relevant authorities and the court's applicable local rule.  <u>See</u> L.R. 141.1.  The court APPROVES the protective order, subject to the following clarification.  Once an action is closed, "the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); <u>see also, e.g.</u>, <u>MD Helicopters, Inc. v. Aerometals, Inc.</u>, 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case).  Thus, despite the parties' agreement that jurisdiction extend beyond the end of this action, the court will not retain jurisdiction over this protective order once the case is closed.

Dated:  October 16, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smar.2125

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, Individually and on Behalf of All Those Similarly Situated,<br>　　　Plaintiffs,<br>　　v.<br>NATIONAL COLLEGIATE ASSOCIATION, an unincorporated association,<br>　　　Defendant. | No. 2:22-cv-02125 WBS KJN |
| JOSEPH COLON, SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBAME, and PATRICK MEHLER, individually and on behalf of all those similarly situated,<br>　　　Plaintiffs,<br>　　v.<br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br>　　　Defendant. | No. 1:23-cv-00425 WBS KJN |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Protective Order").  The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Dated: _____　　　　　　By:_____

　　　　　　　　　　　　　　　　　　　　Print Name:
_____

-22-　　　　Case Nos. 2:22-cv-02125 and 1:23-cv-00425 WBS KJN