Dennis Stewart, CA Bar No. 99152
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-3299

Daniel E. Gustafson, MN Bar No. 202241
Amanda M. Williams, MN Bar No. 0341691
Matthew Jacobs, MN Bar No. 403465
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

Darryl J. Horowitt, CA Bar No. 100898
**COLEMAN & HOROWITT, LLP**
499 West Shaw, Suite 116
Fresno, CA 93704
Telephone: (559) 248-4820

Robert J. Gralewski, Jr., CA Bar No. 196410
Marko Radisavljevic, CA Bar No. 306552
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: (858) 834-2044

Leonard B. Simon, CA Bar No. 58310
**THE LAW OFFICES OF LEONARD B. SIMON P.C.**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644

Michael Lieberman, DC Bar No. 1033827
Jamie Crooks, CA Bar No. 310447
Yinka Onayemi, NY Bar No. 5940614
**FAIRMARK PARTNERS, LLP**
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (818) 585-2903

*Attorneys for Plaintiffs Shannon Ray, Khala Taylor, Peter Robinson, Katherine Sebbane, and Rudy Barajas Individually and on Behalf of All Those Similarly Situated*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS Individually and on Behalf of All Those Similarly Situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,

Defendant.

Case No. 1:23-cv-00425

**DECLARATION OF MICHAEL LIEBERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF FAIRMARK PARTNERS, LLP AS CO-LEAD CLASS COUNSEL**

Judge: Hon. William B. Shubb
Courtroom: 5
Date: March 3, 2025
Time: 1:30 PM

I, MICHAEL D. LIEBERMAN, declare as follows:

1. I am an attorney duly licensed to practice law before this Court. I am a member of the Bar of the District of Columbia, and I have been admitted to this Court *pro hac vice*. I am an attorney at Fairmark Partners, LLP and counsel for Plaintiffs Shannon Ray, Khala Taylor, Peter Robinson, Katherine Sebbane, and Rudy Barajas. I am seeking to be appointed class counsel for the proposed class.

2. I submit this declaration in support of Plaintiffs' Motion for Class Certification. I make this declaration on my own personal knowledge, and if called as a witness to testify, I could and would testify competently to the following facts.

3. I am an attorney at Fairmark Partners and have significant experience litigating complex cases, including numerous major class actions in federal courts across the country. After clerking for the U.S. District Court for the District of Maryland and the U.S. Court of Appeals for the Fifth Circuit, where I advised the courts on several complex class-action cases, I worked as an associate at Bancroft PLLC and as both an associate and a partner at the international law firm Kirkland & Ellis LLP. At both firms, I litigated complex commercial cases, including class actions, relating to antitrust, bankruptcy, civil rights, constitutional law, employment law, international law, products liability, and sovereign immunity at the federal trial, court of appeals, and Supreme Court levels. I have also worked as an Attorney-Adviser in the Office of the Legal Adviser at the U.S. Department of State, where I provided advice on a range of domestic and international legal issues arising in the course of the Department's work.

4. Fairmark Partners has significant experience litigating complex antitrust cases, including numerous major antitrust class actions, such as *Ucharima Alvarado v. Western Range Association*, No. 22-cv-249 (D. Nev.); *Uriel Pharmacy Health and Welfare Plan v. Advocate Aurora Health, Inc.*, No. 2:22-cv-00610 (E.D. Wis.); *Team Schierl Cos. v. Aspirus, Inc.*, No. 3:22-cv-00580 (W.D. Wis.); *Brown v. Hartford Healthcare Corporation*, No: X03-CV22-6152239 (Conn. Super. Ct.); and *Davis v. HCA Healthcare Inc.,* No. 21-CVS-3276 (N.C. Super. Ct.).

5. Fairmark Partners also has significant experience litigating class-action cases in other areas of the law. For example, Fairmark Partners has been appointed co-Lead Class Counsel

in the securities cases *Houghton v. Leshner*, No. 22-cv-07781 (N.D. Cal.) and *Samuels v. Lido DAO*, No. 23-cv-06492 (N.D. Cal.). Fairmark Partners is also litigating other complex class action cases including *Huskey v. State Farm Fire & Casualty Co.*, No. 22-cv-7014 (N.D. Ill.); *Lewandowski v. Johnson & Johnson*, No. 24-cv-00671 (D. N.J.); and *Navarro v. Wells Fargo & Co.*, No. 24-cv-3043 (D. Minn.).

6. Fairmark Partners is prepared and equipped to commit the professionals and resources necessary to litigate this class action through pre-trial, trial, and any appeals that may arise.

7. Representing Plaintiffs with me in this class action will be Jamie Crooks, who is a founding partner of Fairmark Partners, and Yinka Onayemi. Both of them have significant experience litigating complex cases, including numerous major class actions in federal courts across the country. Our work has been and will continue to be supported by Fairmark's Head of Research, Annie Cleaver. Mr. Crooks, Mr. Onayemi, and Ms. Cleaver are all former college athletes with firsthand experience with the subject matter of this case. Attached hereto as Exhibit 49 is a summary of their accomplishments and experience.

8. Each of the proposed class representatives has significantly aided the prosecution of this litigation. Each proposed class representative has consulted with counsel on multiple occasions about case strategy and discovery, responded to interrogatories from Defendant, searched for documents responsive to Defendant's requests for production, and prepared for and sat for a deposition. Each of the proposed class representatives has proven to be an engaged, thoughtful, and committed standard bearer for the class, and I am confident that each one will continue to fully participate in this litigation and admirably represent the proposed class.

9. At the beginning of discovery in this action, Plaintiffs' counsel conferred with Defendant's counsel about efficiently obtaining the information necessary to effectively prosecute this case—namely, information regarding Defendant's member schools' usage of the "volunteer coach" designation in each sport and year, the identities and contact information of the coaches who were given that designation, and the compensation that Defendant's member schools provided

to unrestricted coaches—*i.e.*, those who were not given the "volunteer coach" designation and therefore were not subject to the wage-fixing restraint.

10. The parties met and conferred multiple times. NCAA's counsel stated that NCAA possesses information regarding head coach identities, head coach compensation, aggregated assistant coach compensation, and assistant coach count (without identifying information or individualized compensation). The NCAA offered to produce this information in spreadsheets that would be generated by the NCAA's team with access to its databases.

11. However, the NCAA stated that it does not collect or maintain any information on how many member institutions utilized the volunteer coach position, for what sports, or in what years. In addition, NCAA stated that it did not collect or maintain data with individualized compensation amounts for assistant coaches.

12. NCAA acknowledged that its member schools likely maintain information about their usage of the "volunteer coach" designation in each sport and year, the identities of the coaches who were given that designation, and the compensation they provided to individual coaches. Plaintiffs' counsel requested that the NCAA obtain this information from its member schools, to avoid the need for Plaintiffs to issue subpoenas to every school. NCAA stated that it had no power to compel schools to turn over such information, and NCAA declined to ask its member schools to do turn over that information voluntarily.

13. Plaintiffs moved to compel the NCAA to collect the requested information from its member schools, but the motion to compel was denied.

14. At the suggestion of the Magistrate Judge, Plaintiffs then attempted to negotiate an agreed-upon sampling method so that they would not need to subpoena every school. Plaintiffs made multiple proposals for sampling methodologies, but the NCAA rejected each one without ever offering a counterproposal.

15. Plaintiffs issued subpoenas to all NCAA schools that competed in Division I during the relevant period. The NCAA did not itself engage in any third-party discovery of its member schools (other than narrow requests about the class representatives) and provided no input into the information requested from schools in the subpoenas served by the Plaintiffs.

16. Attached hereto are true and correct copies of the following Exhibits:

- Exhibit 1 – Expert Report of Professor Orley Ashenfelter.
- Exhibit 2 – Declaration of Plaintiff Shannon Ray in Support of Plaintiffs' Motion for Class Certification.
- Exhibit 3 – Declaration of Plaintiff Khala Taylor in Support of Plaintiffs' Motion for Class Certification.
- Exhibit 4 – Declaration of Plaintiff Peter Robinson in Support of Plaintiffs' Motion for Class Certification.
- Exhibit 5 – Declaration of Plaintiff Katherine Sebbane in Support of Plaintiffs' Motion for Class Certification
- Exhibit 6 – Declaration of Plaintiff Rudy Barajas in Support of Plaintiffs' Motion for Class Certification.
- Exhibit 7 – PDF copy of website: *Overview*, NCAA, available at: https://www.ncaa.org/sports/2021/2/16/overview.aspx.
- Exhibit 8 – Excerpts from the NCAA Division I 2023-24 Manual, bearing the bates stamp NCAA_SMART-COLON_0001396.
- Exhibit 9 – NCAA 2020-21 Division I Manual, bearing the bates stamp NCAA_SMART-COLON_0000001.
- Exhibit 10 – PDF copy of website: Associated Press, *NCAA generates nearly $1.3 billion in revenue for 2022-23*, ESPN (Feb. 1, 2024), available at: https://www.espn.com/college-sports/story/_/id/39439274/ncaa-generates-nearly-13-billion-revenue-2022-23.
- Exhibit 11 – Excerpts from the Deposition of Matthew Boyer, taken August 27, 2024. The complete transcript will be lodged with the Court.
- Exhibit 12 – Committee document regarding Proposal Number 2017-98, bearing the bates stamp NCAA_SMART-COLON_0145980.
- Exhibit 13 – Committee document regarding Proposal Number 2004-63, bearing the bates stamp NCAA_SMART-COLON_0145784.

- Exhibit 14 – Committee document regarding Proposal Number 2003-84, bearing the bates stamp NCAA_SMART-COLON_0146006.
- Exhibit 15 – Committee document regarding Proposal Number 2000-66-1, bearing the bates stamp NCAA_SMART-COLON_0146011.
- Exhibit 16 – Committee document regarding Proposal Number 2015-17, bearing the bates stamp NCAA_SMART-COLON_0145841.
- Exhibit 17 – Committee document regarding Proposal Number 2000-66, bearing the bates stamp NCAA_SMART-COLON_0145848.
- Exhibit 18 – Committee document regarding Proposal Number 2006-21, bearing the bates stamp NCAA_SMART-COLON_0145857.
- Exhibit 19 – Committee document regarding Proposal Number 1999-89, bearing the bates stamp NCAA_SMART-COLON_0146038.
- Exhibit 20 – Committee document regarding Proposal Number 2000-118, bearing the bates stamp NCAA_SMART-COLON_0145947.
- Exhibit 21 – Committee document regarding Proposal Number 2022-28, bearing the bates stamp NCAA_SMART-COLON_0019545.
- Exhibit 22 – Defendant's Responses and Objections to Plaintiffs' First Set of Requests for Admission and Third Set of Interrogatories to Defendant, dated September 11, 2024.
- Exhibit 23 – Defendant's Responses and Objections to Plaintiffs' Second Set of Interrogatories, dated May 31, 2024.
- Exhibit 24 – Lexis Reported Court Opinion: *Law v. NCAA*, No. 94 Civ. 2053, 1998 U.S. Dist. LEXIS 6608 (D. Kan. Apr. 17, 1998).
- Exhibit 25 – Lexis Reported Court Opinion: *Law v. NCAA*, No. 94 Civ. 2053, 1998 U.S. Dist. LEXIS 6640 (D. Kan. Apr. 23, 1998).
- Exhibit 26 – Lexis Reported Court Opinion: *House v. NCAA*, No. 20 Civ. 03919, 2023 U.S. Dist. LEXIS 216532 (N.D. Cal. Nov. 3, 2023).
- Exhibit 27 – Excerpts from the1994 NCAA Convention Proceedings, bearing the bates stamp NCAA_SMART-COLON_0146347.

- Exhibit 28 – Excerpts from the Deposition of Jennifer Fraser, taken October 2, 2024. The complete transcript will be lodged with the Court.
- Exhibit 29 – NCAA Memorandum, dated April 4, 1990, bearing the bates stamp NCAA_SMART-COLON_0141887.
- Exhibit 30 – Excerpts from the1991 NCAA Convention Proceedings, bearing the bates stamp NCAA_SMART-COLON_0142989.
- Exhibit 31 – Excerpts from the1992 NCAA Convention Proceedings, bearing the bates stamp NCAA_SMART-COLON_0143283.
- Exhibit 32 – Excerpts from Memorandum to the NCAA Division I Management Council regarding Commentary Regarding Proposed Changes in Division I Legislation in which the Division I Management Council did not take a position, dated February 28, 2001, bearing the bates stamp NCAA_SMART-COLON_0179751.
- Exhibit 33 – Email from Leeland Zeller to Steve Mallonee regarding Proposals, dated September 6, 2018, and bearing the bates stamp NCAA_SMART-COLON_0140536.
- Exhibit 34 – Email from Erica Aresco to Jacqueline Blackett regarding Volunteer Coaches, dated June 14, 2023, bearing the bates stamp COLON_CONFERENCE_0000206202
- Exhibit 35 – NCAA Case Management System Report, dated December 18, 2023, bearing the bates stamp NCAA_SMART-COLON_0021762.
- Exhibit 36 – Letter from Bill Clever regarding Appeal from NCAA Staff Decision in Case No. 1099723 - request to pay volunteer coaches, dated May 28, 2020, bearing the bates stamp NCAA_SMART-COLON_0022783.
- Exhibit 37 – NCAA Case Management System Report, dated December 18, 2023, bearing the bates stamp NCAA_SMART-COLON_0021507.
- Exhibit 38 – NCAA Case Management System Report, dated December 18, 2023, bearing the bates stamp NCAA_SMART-COLON_0021921.
- Exhibit 39 – NCAA Case Summary, bearing the bates stamp NCAA_SMART-COLON_0019728.

- Exhibit 40 – NCAA Case Summary, bearing the bates stamp NCAA_SMART-COLON_0019775.
- Exhibit 41 – NCAA Case Summary, bearing the bates stamp NCAA_SMART-COLON_0019824.
- Exhibit 42 – NCAA Case Summary, bearing the bates stamp NCAA_SMART-COLON_0021271.
- Exhibit 43 – NCAA Case Summary, bearing the bates stamp NCAA_SMART-COLON_0019665.
- Exhibit 44 – NCAA Case Summary, bearing the bates stamp NCAA_SMART-COLON_0021163.
- Exhibit 45 – Email from Chris Merino to Erik Price, dated January 29, 2023, bearing the bates number COLON_CONFERENCE_0000208984.
- Exhibit 46 – Email from Debbie Kirch to Christina Roybal regarding NCAA Division I Council Takeaways, dated October 11, 2022, bearing the bates stamp COLON_CONFERENCE_0000207423.
- Exhibit 47 – Excerpts from the Deposition of Lynda Tealer, taken October 10, 2024. The complete rough transcript will be lodged with the Court.
- Exhibit 48 – Excerpts from the Rough Deposition of Khala Taylor, taken October 23, 2024. The complete rough transcript will be lodged with the Court.
- Exhibit 49 – Biographies of Fairmark Partners, LLP personnel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 1, 2024, at Washington, DC.

Dated: November 1, 2024

By: */s/ Michael Lieberman*
Michael Lieberman