UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS, Individually and on Behalf of All Those Similarly Situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>           Defendant. | No. 1:23-cv-00425 WBS CSK<br><br><br>ORDER |

----oo0oo----

Plaintiffs request to file under seal exhibits 32-48 to the Declaration of Michael Lieberman in Support of Plaintiffs' Motion for Class Certification and Appointment of Fairmark Partners, LLP, as co-Lead Class Counsel (Docket No. 85-3), including an expert report by Professor Orley Ashenfelter as well as a notice of errata correcting one table and one paragraph in that report.  (Docket Nos. 86, 89.)

1

1          A party seeking to seal a judicial record bears the
2    burden of overcoming a strong presumption in favor of public
3    access.  See Kamakana v. City & County of Honolulu, 447 F.3d
4    1172, 1178 (9th Cir. 2006).  The party must "articulate
5    compelling reasons supported by specific factual findings that
6    outweigh the general history of access and the public policies
7    favoring disclosure, such as the public interest in understanding
8    the judicial process."  Id. at 1178-79 (citation omitted).  In
9    ruling on a motion to seal, the court must balance the competing
10   interests of the public and the party seeking to keep records
11   secret.  See id. at 1179.
12          Plaintiffs' requests fail to specify why the court
13   should seal any documents outside of their mere designation as
14   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for purposes of
15   discovery.  Discovery labels alone do not outweigh the history of
16   access and public policies favoring disclosure to the public.  A
17   party must still "articulate compelling reasons supported by
18   specific factual findings."  Kamakana, 447 F.3d at 1178.  "Simply
19   mentioning a category of privilege [or two], without any further
20   elaboration or any specific linkage with the documents, does not
21   satisfy the burden."  Id. at 1184.
22          Plaintiffs provide no further guidance as to what
23   sensitive information these documents contain that would merit an
24   order sealing the documents from public view.  As such,
25   plaintiffs' request amounts to no more than a waste of the
26   court's time.  The court will consider a future request only if
27   it amply explains why specific filings must be redacted or
28   sealed.

IT IS THEREFORE ORDERED that plaintiffs' request to seal (Docket Nos. 86, 89) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

Dated:  November 14, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE