Dennis Stewart, CA Bar No. 99152
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-3299

Daniel E. Gustafson, MN Bar No. 202241
Amanda M. Williams, MN Bar No. 0341691
Matthew Jacobs, MN Bar No. 403465
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

Darryl J. Horowitt, CA Bar No. 100898
**COLEMAN & HOROWITT, LLP**
499 West Shaw, Suite 116
Fresno, CA 93704
Telephone: (559) 248-4820

Robert J. Gralewski, Jr., CA Bar No. 196410
Marko Radisavljevic, CA Bar No. 306552
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: (858) 834-2044

Leonard B. Simon, CA Bar No. 58310
**THE LAW OFFICES OF LEONARD B. SIMON P.C.**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644

Michael Lieberman, DC Bar No. 1033827
Jamie Crooks, CA Bar No. 310447
Yinka Onayemi, NY Bar No. 5940614
**FAIRMARK PARTNERS, LLP**
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (818) 585-2903

*Attorneys for Plaintiffs Shannon Ray, Khala Taylor,
Peter Robinson, Katherine Sebbane, and Rudy Barajas
Individually and on Behalf of All Those Similarly Situated*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | Case No. 1:23-cv-00425<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE SUR-REPLY** |

Defendant has manufactured a procedural dispute with one transparent aim: to get the last word on Plaintiffs' motion for class certification. The Court should reject this attempt for an extra bite at the apple. Plaintiffs filed a routine expert declaration responding to Defendant's *Daubert* motion, and Defendant will be free to address that declaration in its *Daubert* reply, due February 18. Plaintiffs did not, as Defendant claims, file that declaration with their class certification reply, which was a separate filing with separate exhibits and no "new evidence." Defendant's "objection" is nothing but a baseless pretext for seeking a sur-reply. Defendant's request for a sur-reply—which is procedurally defective as well—should be denied.

## **BACKGROUND**

As the Court will recall, Plaintiffs are former coaches hired by NCAA Division I athletic teams. They brought this class-action lawsuit because they and the members of the proposed class are all victims of the same illegal wage-fixing scheme. Specifically, the NCAA and its member schools agreed, in writing, not to compete on salary and benefits for an entire category of assistant coaches, and to instead fix their compensation at $0. Plaintiffs allege that this uniform, nationwide wage-fixing conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

Plaintiffs in this case and the coordinated *Smart v. NCAA* case, No. 22-cv-02125—which alleges an identical violation with respect to college baseball coaches—moved for class certification on November 1, 2024. ECF 85; *Smart* ECF 63. Defendant filed a combined opposition to certification in both cases, arguing that neither class should be certified for mostly the same reasons. *See* NCAA's Opp. to *Smart* and *Colon* Plaintiffs' Motions For Class Cert. ("Class Opposition"), ECF 94 at 29-81. Defendant also filed a combined motion to exclude the testimony of Plaintiffs' experts in both cases—Dr. Ashenfelter in this case and Dr. Rascher in the *Smart* case ("*Daubert* Motion"), again making mostly the same arguments in both cases. ECF 95 at 11-25. Despite making those arguments, Defendant recently announced that it will ask the Court to certify a settlement class and approve a class settlement in the *Smart* case. *Smart* ECF 70.

On January 31, 2025, Plaintiffs in this case filed two separate briefs. First, they filed a Reply Brief in Support of Plaintiffs' Motion for Class Certification ("Class Reply"). *See* ECF 102. The only exhibits to the Class Reply were deposition transcripts. *See id.* Second, they filed an

Opposition to Defendant's Motion to Exclude the Testimony of Dr. Orley Ashenfelter ("*Daubert* Opposition"). *See* ECF 103. The exhibits to the *Daubert* Opposition include deposition transcripts and the Declaration of Orley Ashenfelter ("Ashenfelter Declaration"), which responds directly to the arguments in Defendant's *Daubert* Motion and Defendant's expert's report. *See* ECF 103-2.

## ARGUMENT

**I.  Plaintiffs Did Not File Any New Evidence With Their Reply Brief.**

The entire foundation for Defendant's argument is false. Defendant claims that Plaintiffs submitted the Declaration of Orley Ashenfelter "in connection with their reply in support of their motion for class certification," and that this was improper "new evidence" entitling them to a sur-reply. ECF 104 at 2, 4-5. The record plainly shows this is incorrect. The Ashenfelter Declaration was not filed in support of, or as an exhibit to, the Class Reply. Indeed, other than a prefatory statement noting that Defendant references its *Daubert* arguments in its class certification opposition, ECF 103-2 ¶ 3, the Ashenfelter Declaration does not make a single reference to Defendant's class certification brief. *See* ECF 103-2 at 1-40. Defendant's objection to "new evidence … with the reply brief," Local Rule 230(m)(1), is entirely baseless.[1]

The Ashenfelter Declaration was filed only with and in support of Plaintiffs' *Daubert* Opposition, and it responds specifically to the arguments in Defendant's *Daubert* Motion and the accompanying report of Defendant's expert, Dr. Lehmann (ECF 95-5). *See, e.g.*, Ashenfelter Declaration, ECF 103-2 at ¶ 4 ("In this report, I present my comments on and responses to the Lehmann Report."). Declarations like this, which "merely respond to specific *Daubert* criticisms or harmlessly repeat information provided in the earlier reports … are a routine part of *Daubert* motions." *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 2017 WL 1196990, at *16 (N.D. Ill. Mar. 31, 2017). Defendant, of course, will be able to address the Ashenfelter Declaration in its upcoming *Daubert* reply brief. There is no problem in need of solving here.

Defendant protests that Plaintiffs' Class Reply "cites the [] Ashenfelter Declaration," ECF 104 at 4, but Defendant omits the crucial fact: it was Defendant's own strategic choice to

---

[1] Defendant's cases all address "new evidence" filed on reply and are therefore inapposite.

incorporate and repeat its *Daubert* arguments in its Class Opposition that necessitated the citations. *Compare* Class Opp. at 77-78, 89-90 (referencing *Daubert* arguments), *with* Class Reply at 30, 35-36 (referencing corresponding parts of *Daubert* Opposition). The Class Reply points out, for instance, that Defendant's "argument is redundant of the argument Defendant makes in its [*Daubert* Motion] … and is fully addressed in Plaintiffs' opposition to that motion." Class Reply at 30. This cross-reference does not somehow transform the Ashenfelter Declaration into "new evidence … with the reply brief." Local Rule 230(m)(1). Similarly, Defendant accuses Plaintiffs of using the Ashenfelter Declaration to argue that "one of the NCAA's arguments in opposition to class certification" is now moot. ECF 104 at 4. This misstates the record in the same way: the "moot" argument is a *Daubert* argument about whether Dr. Ashenfelter's model should include a certain variable, not a class certification argument. Indeed, the relevant part of Defendant's Class Opposition begins: "As explained in the NCAA's *Daubert* motions…" ECF 94 at 77. Having chosen to reference its *Daubert* argument, Defendant can hardly complain that Plaintiffs referenced their *Daubert* response.

Finally, Defendant states that it "has never had an opportunity to address" the Ashenfelter Declaration, ECF 104 at 4, but it will have precisely that opportunity twice without any relief from the Court. First, Defendant can address the Ashenfelter Declaration in its *Daubert* reply brief, due February 18. Second, Defendant will depose Dr. Ashenfelter on February 11, allowing it to elicit testimony for use in that reply brief. With both a deposition and reply brief available to address the Ashenfelter Declaration, Defendant's cannot seriously claim prejudice. The notion that a routine expert declaration filed in response to a *Daubert* motion requires not just a *Daubert* reply but also a sur-reply and supplemental expert report on a separate motion should be rejected out-of-hand. *See generally Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) ("The Court generally views motions for leave to file a surreply with disfavor.").

## II.     Defendant's Request For A Sur-Reply Is Also Procedurally Defective.

Defendant's request for a sur-reply can be also denied because it is procedurally defective. Local Rule 230(b) requires that "all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge," and the Pretrial Order likewise requires that "[a]ll motions shall be

3

noticed for the next available hearing date," ECF 45 at 5. Defendant did not follow either rule in filing its "request" for a sur-reply—it did not notice the motion at all. Moreover, to the extent Defendant's filing is construed as a "motion for administrative relief" governed by Local Rule 233, the filing violates Local Rule 233(a)(1) (mislabeled), (a)(2) (overlong), and (a)(4) (no proposed order). For this reason too, Defendant's request for a sur-reply should be denied.

### III. Defendant's Filing Contains Several Other Mischaracterizations.

While they are not relevant to resolving Defendant's request, Plaintiffs briefly address additional misleading statements in Defendant's filing. First, Defendant claims that "Plaintiffs … disclosed new opinions of Dr. Ashenfelter after the NCAA moved to exclude his testimony." ECF 104 at 2. Not true: the Ashenfelter Declaration contains no new opinions. *See* Ashenfelter Declaration, ECF 103-2 at ¶ 4 ("Nothing in the Lehmann Report causes me to change my opinions offered in my original report."). Second, Defendant claims that "Plaintiffs never responded directly to [a December 10, 2024] email." ECF 104 at 3. Untrue again: Plaintiffs' counsel responded to the subjects in Defendant's counsel's email in a separate email chain Defendant chose not to disclose. *See* Ex. 1 to Raphael Decl. at 4 (pointing this out to counsel). Third, Defendant claims that "the [] Ashenfelter Declaration … includes a new damages model and several new analyses." ECF 104 at 4. The Ashenfelter Declaration does not include a "new damages model." The model is the same as in Dr. Ashenfelter's Expert Report, just with an additional control for age, which was added in direct response to a criticism in Defendant's *Daubert* Motion. *See* ECF 103-2 at ¶¶ 36-42. The age control is "a relatively small factor" because age is a proxy for experience, and the model "already include[d] a proxy for worker experience." *Id.* at ¶¶ 33, 39. Adjustments like this are commonplace and perfectly appropriate where, as here, discovery is open and data collection is ongoing. *Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1024-31 (9th Cir. 2024) (discussing how *Daubert* applies at class certification). Defendant can address this routine refinement in its *Daubert* reply, and then again when final damages reports are submitted several months from now. Finally, the supposedly "new analyses" are either directly responsive to Dr. Lehmann's report or reflect Defendant's own member schools' belated submission of data. Again, Defendant can address anything noteworthy in its *Daubert* reply.

## IV. CONCLUSION

Defendant's request for a sur-reply with respect to Plaintiffs' Motion for Class Certification should be denied.

DATED: February 10, 2025                        Respectfully submitted,

**GUSTAFSON GLUEK PLLC**

By: */s/ Dennis Stewart*
Dennis Stewart, CA Bar No. 99152
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-3299
dstewart@gustafsongluek.com

Daniel E. Gustafson, MN Bar No. 202241
(*pro hac vice*)
Amanda M. Williams, MN Bar No. 0341691
(*pro hac vice*)
Matthew Jacobs, MN Bar No. 403465
(*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com
mjacobs@gustafsongluek.com

**FAIRMARK PARTNERS, LLP**

By: */s/ Michael Lieberman*
Michael Lieberman, DC Bar No. 1033827
(*pro hac vice*)
Jamie Crooks, CA Bar No. 310447
(*pro hac vice*)
Yinka Onayemi, NY Bar No. 5940614
(*pro hac vice*)
**FAIRMARK PARTNERS, LLP**
1001 G Street NW, Suite 400 East
Washington, DC 20001
Telephone: (818) 585-2903
michael@fairmarklaw.com
jamie@fairmarklaw.com
yinka@fairmarklaw.com

**KIRBY McINERNEY LLP**

By: */s/ Robert J. Gralewski*
Robert J. Gralewski, Jr., CA Bar No. 196410
Marko Radisavljevic, CA Bar No. 306552
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: (858) 834-2044
bgralewski@kmllp.com
mradisavljevic@kmllp.com

Darryl J. Horowitt, CA Bar No. 100898
**COLEMAN & HOROWITT, LLP**
499 West Shaw, Suite 116
Fresno, CA 93704
Telephone:    (559) 248-4820
dhorowitt@ch-law.com

Leonard B. Simon, CA Bar No. 58310
**THE LAW OFFICES OF LEONARD B. SIMON P.C.**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
lens@rgrdlaw.com

*Attorneys for Plaintiffs and the Class*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE SUR-REPLY