UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS Individually and on Behalf of All Those Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>        Defendant. | No. 1:23-cv-00425 WBS CSK<br><br>ORDER |

----oo0oo----

After meeting and conferring, the parties have filed three requests (Docket Nos. 91, 93, 101) to seal or redact various information in the parties' briefs and evidence in connection with plaintiffs' pending motion for class certification (Docket No. 85) and defendant's pending Daubert motion (Docket No. 95).

A party seeking to seal a judicial record bears the

1

1    burden of overcoming a strong presumption in favor of public
2    access.  See Kamakana v. City & County of Honolulu, 447 F.3d
3    1172, 1178 (9th Cir. 2006).  The party must "articulate
4    compelling reasons supported by specific factual findings that
5    outweigh the general history of access and the public policies
6    favoring disclosure, such as the public interest in understanding
7    the judicial process."  Id. at 1178-79 (citation omitted).  In
8    ruling on a motion to seal, the court must balance the competing
9    interests of the public and the party seeking to keep records
10   secret.  See id. at 1179.
11            Both parties seek to seal or redact financial
12   information obtained from the NCAA Membership Financial Reporting
13   System, which defendant argues should not be disclosed because it
14   would reveal financial information about third-party universities
15   that was disclosed with the expectation of confidentiality.  To
16   the extent the information at issue discloses financial
17   information in connection with specific universities, the
18   requests to seal or redact will be granted as set out below.
19   However, much of the information sought to be sealed consists of
20   figures aggregated or averaged from across several NCAA schools.
21   The requests to seal will not be granted insofar as the financial
22   information is not connected to a specific university or
23   individual.
24            The parties next seek to seal other matter concerning
25   third-party universities, including financial information,
26   employee records, and documents pertaining to internal
27   operations.  Because these documents contain potentially
28   sensitive information concerning non-parties, much of which was

1  disclosed with the expectation of confidentiality, the requests
2  to seal this information will be granted as set out below.
3          Defendant also seeks to seal an internal NCAA memo from
4  2000 summarizing comments received from several universities
5  concerning a then-pending policy proposal (plaintiffs' Exhibit
6  32) and an internal email chain from 2018 between NCAA officials
7  discussing policy changes (plaintiffs' Exhibit 33), arguing that
8  this information could harm its competitive standing or impair
9  its operations.  However, in light of plaintiffs' objection to
10 the sealing of these documents, and because defendant has failed
11 to sufficiently explain how disclosure of these documents could
12 harm the NCAA, the court will deny defendant's request.
13         Finally, defendants indicate that they did not file
14 certain documents on the public docket due to their status as
15 "provisionally confidential" pursuant to the parties' stipulated
16 protective order.  No reasoning has been provided and no further
17 requests have been made in connection with these documents.
18 Accordingly, the request to seal will be denied as to these
19 documents.
20         Pursuant to Kamakana, 447 F.3d 1178, the court orders
21 as follows with respect to the requests to seal:
22 I.   Plaintiffs' First Request to Seal (Docket No. 91)
23      A.   **The request is DENIED as to:**
24           1.   All requested redactions in Plaintiffs' Motion for
25                Class Certification
26           2.   All requested redactions in Exhibit 1 (Ashenfelter
27                Report)
28           3.   Exhibit 32 (NCAA_SMARTCOLON_0179751)

1              4.   Exhibit 33 (NCAA_SMARTCOLON_0140536)
2         Plaintiff shall file these documents in their
3    unredacted form on the public docket within five days.
4         B.   **The request is GRANTED as to:**
5              1.   Exhibit 34 (COLON_CONFERENCE_0000206202)
6         Plaintiff shall file this document under seal within
7    five days.
8    II. Plaintiffs' Second Request to Seal (Docket No. 101)
9         A.   **The request is DENIED as to:**
10             1.   All requested redactions in Plaintiff's Reply
11                  Brief in Support of Motion for Class Certification
12             2.   All requested redactions in Plaintiff's Opposition
13                  to Defendants' Daubert Motion
14        Plaintiff shall file these documents in their
15   unredacted form on the public docket within five days.
16        B.   **The request is GRANTED as to:**
17             1.   Requested redaction at page 4, footnote 9 of the
18                  Ashenfelter Declaration
19        Plaintiff shall file the redacted version on the
20   publicly available docket within five days and file the
21   unredacted version under seal within five days.
22   III. Defendant's Request to Seal (Docket No. 93)
23        A.   **The request is DENIED as to:**
24             1.   Requested redactions in the following portions of
25                  defendant's Opposition to Plaintiffs' Motion for
26                  Class Certification:
27                  a. Page 13, lines 17-18
28                  b. Page 14, line 2

4

1     2.   Requested redactions in the following portions of
2          the Lehmann Declaration:
3          a. Page 33, paragraph 58
4          b. Page 73, Exhibits 10A, 10B
5          c. Page 74, Exhibits 10C, 10D
6          d. Page 98, Exhibit 13
7          e. Page 98-99, paragraph 163
8     3.   Documents categorized as "provisionally
9          confidential" pursuant to the parties' protective
10         order, unless otherwise subject to sealing under
11         this Order.
12   B.   **The request is GRANTED as to:**
13    1.   Requested redactions in the following portions of
14         defendant's Opposition to Plaintiffs' Motion for
15         Class Certification:
16         a. Page 11, lines 23-25
17         b. Page 15, lines 13-15, 18-19
18         c. Page 16, lines 2, 4-5
19         d. Page 35, lines 13-15
20         e. Page 93, lines 24, 27
21         f. Page 94, line 2
22    2.   Requested redaction at page 16, line 8 of
23         defendant's Daubert motion
24    3.   Redaction of email addresses and employee IDs in
25         Exhibit B to the Hamilton Declaration
26    4.   Requested redaction at page 8, lines 2-3 of the
27         McCreadie Declaration
28    5.   Requested redactions in the following portions of

```
1                    the Lehmann Declaration:
2                         a. Page 25, footnote 54
3                         b. Page 30, Exhibit 6A
4                         c. Page 31, Exhibits 6B, 6C
5                         d. Page 32, paragraph 54
6                         e. Page 34, Exhibit 7
7                         f. Page 34, paragraph 60
8                         g. Page 35, paragraphs 62-63
9                         h. Page 38, footnote 78
10                        i. Page 49, paragraph 84
11                        j. Page 49, footnotes 104-105
12                        k. Page 56, paragraph 93
13                        l. Page 56, footnotes 128-129
14                        m. Page 57, paragraph 94
15                        n. Page 57, footnote 134
16                        o. Page 58, paragraph 95
17                        p. Page 58, footnote 138
18                        q. Page 63-64, paragraph 105
19                        r. Page 75, paragraph 125
20                        s. Page 84, paragraph 136
21                        t. Page 84, footnotes 196-197
22                        u. Page 96, paragraph 158
23                        v. Page 99, paragraph 165
24                        w. Page 99-100, footnote 236
25                        x. Page 103, footnote 250
26                        y. Page 104, footnote 251
27            6.   Requested redactions in the following portions of
28                 the Morris Declaration:
```

6

             a. Page 4, paragraph 7
             b. Page 5, paragraph 9
             c. Page 6, paragraph 11-15
             d. Page 7, paragraph 16-17
     7.   Exhibit 7 to McCreadie Opposition Brief Declaration (COLON_SCHLS_00016398)
     8.   Exhibit 19 to McCreadie Opposition Brief Declaration (COLON_CONFERENCE_0000208854)
     9.   Exhibit 23 to McCreadie Opposition Brief Declaration (COLON_SCHLS_0000013529)
     10.  Exhibit 24 to McCreadie Opposition Brief Declaration (COLON_SCHLS_0000001726)
     11.  Exhibit 25 to McCreadie Opposition Brief Declaration (COLON_SCHLS_0000001818)
     12.  Exhibit A to Hamilton Declaration (NCAA_ SC_ SUBPOENA_ 0000033)
     13.  Exhibit A to Varley Declaration (COLON_SCHLS_ 0000004635)
     14.  Exhibit B to Varley Declaration (SMART_SCHLS_0000003561)
     15.  Exhibit C to Varley Declaration (COLON_SCHLS_0000016799)
     16.  Exhibit A to Wombacher Declaration (COLON_SCHLS_0000011616)
     17.  Exhibit B to Wombacher Declaration (COLON_SCHLS_ 0000011405)
     18.  Exhibit C to Wombacher Declaration (SMART_SCHLS_ 0000001876)

1          Where the request to seal has been **denied as to an
2 entire document,** defendant shall file the document in its
3 unredacted form on the public docket within five days.
4          Where the request to seal has been **granted as to an
5 entire document,** defendant shall file the document under seal
6 within five days.
7          Where the request to seal has been **granted as to
8 specific redactions,** defendant shall redact the document in
9 accordance with this Order, file the redacted version on the
10 publicly available docket within five days, and file the
11 unredacted version under seal within five days.
12         Upon a showing of good cause, this Order is subject to
13 reconsideration or modification at any time upon the request of
14 any interested party.
15         IT IS SO ORDERED.
16 Dated:   February 14, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8