UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS Individually and on Behalf of All Those Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>　　　　Defendant. | No. 1:23-cv-00425 WBS CSK<br><br>ORDER |

----oo0oo----

Defendant National Collegiate Athletic Association ("NCAA") requests to continue the scheduled March 3, 2025 hearing on plaintiffs' pending motion for class certification. (Docket No. 110.) The NCAA bases its request on the Supreme Court's recent grant of certiorari in <u>Laboratory Corp. of America Holdings v. Davis</u>, No. 24-304, 2025 WL 288305 (U.S. Jan. 24, 2025).

1

1          In Laboratory Corp., the Supreme Court has granted
2  certiorari on the question of whether a court may certify a class
3  action under Federal Rule of Civil Procedure 23(b)(3) when some
4  members of the proposed class lack Article III injury.  See id.
5  at *1.  The NCAA argues that this issue has direct bearing on the
6  pending motion and this court should therefore decide the class
7  certification motion after the Supreme Court renders its
8  decision.  However, it does not appear that the NCAA makes any
9  argument in opposition to plaintiffs' motion for class
10 certification suggesting that members of the proposed class lack
11 Article III standing in this case.  (See Docket No. 94.)
12         Further, the NCAA provides no rationale for its
13 requested continuance date of August 4, 2025, and there is
14 nothing before the court to suggest that the Supreme Court is
15 likely to issue any decision in Laboratory Corp. by that date.
16 Waiting for such a decision would more likely result in
17 unnecessary and significant delay.
18         IT IS THEREFORE ORDERED that defendant's request for a
19 continuance of the hearing on class certification (Docket No.
20 110) be, and the same hereby is, DENIED.  Counsel for all parties
21 shall personally appear at the March 3, 2025 hearing, and no
22 appearances via telephone or videoconference will be allowed.
23 Dated:  February 19, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2