# Exhibit 16

1  STEPHEN M. TILLERY *(pro hac vice)*
     stillery@koreintillery.com
2  STEVEN M. BEREZNEY (Bar No. 329923)
     sberezney@koreintillery.com
3  GARRETT R. BROSHUIS (Bar No. 329924)
     gbroshuis@koreintillery.com
4  **KOREIN TILLERY, LLC**
   505 North 7th Street, Suite 3600
5  St. Louis, MO 63101
   Telephone: (314) 241-4844
6  Facsimile: (314) 241-3525

7  Attorneys for Plaintiffs Taylor Smart and
   Michael Hacker, Individually and on Behalf
8  of All Those Similarly Situated

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association;<br><br>Defendant. | No. 2:22-cv-02125 WBS CSK<br><br>Hon. William B. Shubb<br>(assigned to Chief Magistrate Judge Chi Soo Kim for discovery matters)<br><br>**PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS TAYLOR SMART AND MICHAEL HACKER** |

No. 2:22-cv-02125 WBS CSK

**PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS TAYLOR SMART AND MICHAEL HACKER**

**PLAINTIFFS' OBJECTIONS AND ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

Plaintiffs Taylor Smart and Michael Hacker (together, "*Smart* Plaintiffs" or "Plaintiffs"), individually, and on behalf of all others similarly situated, pursuant to Rule 33 of the Federal Rules of Civil Procedure, by and through undersigned counsel, submit the following amended answers and objections to Defendant NCAA's Second Set of Interrogatories to Plaintiffs. Plaintiffs respond to these Interrogatories to the best of their knowledge at the present time and reserve the right at any time to supplement, amend, correct, or clarify their answers and objections, but undertake no obligation to do so beyond the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and other applicable orders or rules. That the Plaintiffs have objected to or answered an Interrogatory is not and should not be taken as an admission that the Plaintiffs accept or admit the existence of any fact set forth in or assumed by the Interrogatory, or as indication that the Plaintiffs agree with or adopt any characterization or statement within the Interrogatory.

**OBJECTIONS TO DEFENDANT'S DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiffs object to the definition of "You," and "Your," on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it would require Plaintiffs to respond on behalf of persons or entities other than Plaintiffs themselves. Plaintiffs further object to the extent it seeks information outside a Plaintiff's possession, custody, and control. Plaintiffs further object to the use of the term "PERSONS" in all capitals inasmuch as it implies any alternate meaning. Plaintiffs will construe "You" and "Your" to be referring to each Plaintiff individually.

**OBJECTIONS AND ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 1**:

State all facts supporting YOUR claim that YOU would have been hired as a paid assistant coach at the institution at which YOU served in a VOLUNTEER COACHING POSITION if the AT-ISSUE BYLAWS were not in place.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs further object that the Interrogatory is a premature contention interrogatory posed before

**PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS TAYLOR SMART AND MICHAEL HACKER**

any depositions have taken place, before any expert discovery has taken place, and while data and other documents continue to be produced. Plaintiffs object on the grounds that the Interrogatory is irrelevant in that it is inconsistent with the Court's ruling on Defendant's motion to dismiss. *See* ECF No. 29 at 13 n.5. Plaintiffs further object that the Interrogatory is unduly burdensome and overbroad by calling for "all facts" since all facts have not been uncovered at this stage of the case and it would be impractical for Plaintiffs to write "all facts" that are contained in the tens of thousands of documents produced in the case (and that will be contained in upcoming depositions) in an interrogatory response.

Subject to and without waiving these objections, Plaintiffs will provide a summary of their contention: Plaintiffs contend that but for the existence of the bylaws they would have been paid by the NCAA Division I institution that hired them as a volunteer coach and for whom they worked and in the sport that they worked. Those schools and sports are stated in the operative Complaint. *See* ECF No. 1 at ¶¶ 6, 64 (identifying the University of Arkansas from 2018 to 2020 for Taylor Smart); ¶¶ 7, 70 (identifying the University of California, Davis, from 2019 to 2021 for Michael Hacker). Plaintiffs further point to data produced in the case showing that the other assistant coaches doing a similar amount of work were paid at the time that Plaintiffs performed their work alongside these coaches, and to data produced in the case showing that many schools immediately began paying an additional coach in baseball as soon as the rule changed, often for significant sums of money at schools comparable to the schools that Plaintiffs worked at. Plaintiffs further point to documents already produced by Defendant describing volunteer coaches as performing "integral" work that had great value (e.g., NCAA_SMART-COLON_0145784), and to statements made by head coaches—including the head coach of Arkansas at the time that Plaintiff Smart was a volunteer coach—saying that these coaches would have been paid had the bylaws allowed it. Again, this is just a summary because it is unduly burdensome and overbroad to request "all facts" in an interrogatory answer. Plaintiffs will provide further information at their deposition and will provide further information during expert discovery. The investigation remains ongoing, and Plaintiffs reserve the right to supplement this Answer.

**INTERROGATORY NO. 2**:

State all facts supporting YOUR claim that all putative class members were injured by the AT-ISSUE BYLAWS.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs further object that the Interrogatory is a premature contention interrogatory posed before any depositions have taken place, before any expert discovery has taken place, and while data and other documents continue to be produced. Plaintiffs further object that the Interrogatory is unduly burdensome and overbroad by calling for "all facts" since all facts have not been uncovered at this stage of the case and it would be impractical and unduly burdensome for Plaintiffs to write "all facts" that are contained in the tens of thousands of documents produced in the case in an interrogatory response.

Subject to and without waiving these objections, Plaintiffs will provide a summary of their contention: As the Court recognized in the motion to dismiss (and as the *Law* court held), all putative class members were injured because they were forced to work without pay in a non-competitive market infested with price fixing. Documents produced in the case, including from third parties, support the fact that the deprivation of competition, which led to fixing the compensation at $0, caused harm to class members. Plaintiffs will be available to provide further information, if necessary, at their deposition and will provide further information during expert discovery. The investigation remains ongoing, and Plaintiffs reserve the right to supplement this Answer.

**INTERROGATORY NO. 3**:

State whether YOU contend that it is or was anticompetitive for the NCAA to limit the number of paid coaches in Division I baseball and, if so, state all facts supporting YOUR contention.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs further object that the Interrogatory is a premature contention interrogatory posed before any depositions have taken place, before any expert discovery has taken place, and while data and other documents continue to be produced. Plaintiffs also object on relevance grounds because this case is not about the number of coaches but is instead about the fixing of compensation for a

group of coaches that were hired within the existing coaching limits. Plaintiffs further object on the grounds that the Interrogatory is inconsistent with the Court's ruling on Defendant's motion to dismiss. *See* ECF No. 29 at 13 n.5. Plaintiffs further object that the Interrogatory is overbroad and unduly burdensome by calling for "all facts" because all facts have not been uncovered at this stage of the case and it would be impractical for Plaintiffs to write "all facts" that are contained in the tens of thousands of documents produced in the case in an interrogatory response.

Subject to and without waiving those objections, Plaintiffs state as follows: Plaintiffs reiterate that this case is not about the number of coaches (paid or unpaid) but is instead about the NCAA and its members agreeing to fix the compensation of a category of coaches at the anticompetitive rate of zero through binding rules found in the NCAA's Division I Manual (until the rescission of the rule) under Articles 11.7.6 (allowing an additional coach termed a "volunteer" coach) and 11.01.6 (defining a "volunteer" coach and fixing the compensation for that category of coach) and the summary found at Figure 11-1 (summarizing the artificial compensation limits placed on the "volunteer" coach position) that the NCAA vigorously enforced. *See, e.g.*, NCAA_SMART-COLON_0000001. Plaintiffs reserve the right to supplement and identify further anticompetitive rules and procedures as the investigation continues.

**INTERROGATORY NO. 4**:

For each of YOU individually, identify on a yearly basis all compensation YOU received from the institution at which YOU served in a VOLUNTEER COACHING POSITION for work in a VOLUNTEER COACHING POSITION or in an INSTITUTION-AFFILIATED POSITION, and state the reason(s) YOU received this compensation.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs also object that the Interrogatory is overbroad and asks for irrelevant information to the extent that it seeks information regarding compensation for positions other than the Volunteer Coaching Position—it is the lack of pay provided for the Volunteer Coaching Position that is at issue in this case, not other jobs. Plaintiffs further object that the Interrogatory is overbroad to the extent that it seeks information that is outside the agreed-upon timeframe for discovery in this case.

4    No. 2:22-cv-02125 WBS CSK
**PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS TAYLOR SMART AND MICHAEL HACKER**

1  Subject to and without waiving these objections, Plaintiffs state that they were not
2  compensated for the substantial amount of work that they performed in the Volunteer Coaching
3  Position; the lack of pay was caused by Defendant's bylaw that prohibited them from receiving
4  compensation. Absent Defendant's bylaw, Plaintiffs would have received compensation for the
5  substantial work that they performed in the Volunteer Coaching Position. Plaintiffs reserve the right
6  to supplement this Answer.

**INTERROGATORY NO. 5**:

For each of YOU individually, identify on a yearly basis all compensation YOU received for any sports-related work other than the compensation identified in YOUR response to Interrogatory No. 4 and state the reason(s) YOU received this compensation.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs also object that the Interrogatory is overbroad and asks for irrelevant information to the extent that it seeks information regarding compensation for work performed other than in the Volunteer Coaching Position—it is the lack of pay provided for the Volunteer Coaching Position that is at issue in this case, not other jobs. Plaintiffs further object that the Interrogatory is overbroad to the extent that it seeks information that is outside the agreed-upon timeframe for discovery in this case. Plaintiffs further object that the Interrogatory is overbroad and vague by calling for "sports-related work" and would assumedly call for production of information related to their careers as professional baseball players.

Subject to and without waiving these objections, Plaintiffs state as follows and designate this portion of the answer to this Interrogatory as Confidential pursuant to the Protective Order:

**Plaintiff Taylor Smart**: Plaintiff Taylor Smart worked at camps at the University of Arizona from approximately August 2017 to June 2018 and estimates that he earned approximately $30,000 from those camps and earned additional money in private lessons during that time period, though the amount is unknown. During summer 2018, he worked at a team called the Santa Barbara Foresters and estimates that he earned approximately $7,000 to $10,000 that summer, mostly from camps and lessons. While at the University of Arkansas, he worked and organized camps separate and apart from

his duties as an assistant baseball coach and estimates that he earned approximately $75,000 to $80,000 from those camps from around August 2018 to August 2019, and approximately $15,000 to $20,000 from those camps from around August 2019 to the last camp he organized and worked around January 2020. He also gave private lessons separate and apart from his duties as an assistant baseball coach and earned some additional money from those lessons but the amount is unknown. After his time at the University of Arkansas, he estimates that he earned $15,000 to $20,000 from private lessons from around summer 2020 to spring 2021, and since then he estimates that he has earned approximately $5,000 to $8,000 per year from private lessons.

**Plaintiff Michael Hacker:** Plaintiff Michael Hacker recalls making approximately $11,000 to $12,000 working at Consumnes Community College from 2017 to 2018 as a pitching coach and for field maintenance. While at the University of California-Davis, he worked and organized camps separate and apart from his duties as an assistant baseball coach and estimates that he earned approximately $3,000 per year working camps. Throughout the relevant time period, he also co-owned and worked at a baseball instruction company and estimates that he earned approximately $35,000 to $40,000 per year from it.

The investigation remains ongoing, and Plaintiffs reserve the right to supplement or amend this Answer.

**INTERROGATORY NO. 6:**

For each of YOU individually, identify all paid sports-related positions to which YOU applied and the compensation for those positions.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs also object that the Interrogatory is overbroad and asks for irrelevant information to the extent that it seeks information regarding positions other than the Volunteer Coaching Position—it is the lack of pay provided for the Volunteer Coaching Position that is at issue in this case, not applications for other jobs. Plaintiffs further object that the Interrogatory is overbroad to the extent that it seeks information that is outside the agreed-upon timeframe for discovery in this case. Plaintiffs further object that the Interrogatory is overbroad and vague by calling for "sports-related positions"

and would assumedly call for production of information related to their careers as professional baseball players.

Subject to and without waiving these objections, Plaintiffs state as follows:

**Plaintiff Taylor Smart:** Other than the positions identified in response to Interrogatory 5, *supra*, Plaintiff Taylor Smart recalls applying for scouting positions with the Atlanta Braves, Detroit Tigers, Minnesota Twins, Houston Astros, Miami Marlins, Philadelphia Phillies, and Texas Rangers. He made the final round of interviews for some of these positions, and while he does not remember the exact salary that would have been offered, he estimates that the amount would have been more than $50,000 and would have included standard benefits. Mr. Smart also had discussions regarding other possible positions but does not believe he formally applied for them.

**Plaintiff Michael Hacker:** Other than the positions identified in response to Interrogatory 5, Plaintiff Michael Hacker does not recall applying for other positions.

The investigation remains ongoing, and Plaintiffs and reserve the right to supplement this Answer.

**INTERROGATORY NO. 7**:

For each of YOU individually, identify all paid sports-related positions YOU were offered and the compensation YOU were offered.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs also object that the Interrogatory is overbroad and asks for irrelevant information to the extent that it seeks information regarding positions other than the Volunteer Coaching Position—it is the lack of pay provided for the Volunteer Coaching Position that is at issue in this case, not applications for other jobs. Plaintiffs further object that the Interrogatory is overbroad to the extent that it seeks information that is outside the agreed-upon timeframe for discovery in this case. Plaintiffs further object that the Interrogatory is overbroad and vague by calling for "sports-related work" and would assumedly call for production of information related to their careers as professional baseball players.

Subject to and without waiving these objections, Plaintiffs state that they have identified the paid sports-related positions that they were offered and that they worked in when responding to Interrogatory 5, *supra*. The investigation remains ongoing, and Plaintiffs and reserve the right to supplement or amend this Answer.

**INTERROGATORY NO. 8**:

Identify all of the skills, qualifications, and experience relevant to working as a paid baseball coach at a Division I university.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs also object that the Interrogatory is overbroad and unduly burdensome to the extent that it seeks information regarding "*all*" of the relevant skills, qualifications, and experience. Plaintiffs further object that the Interrogatory is overbroad and unduly burdensome to the extent that it seeks information that is not within their custody or control, and that would be better accessed by Defendant and its members.

Subject to and without waiving these objections, Plaintiffs state that they had the skills, qualifications, and experience relevant to working as a paid baseball coach at a Division I university, that they were hired by Division I universities to work as baseball coaches, and they provided services of the type that would have been paid but for Defendant's illegal bylaw that prevented them from being paid. Some of those skills include their status as former college and professional baseball players who had previously studied under some of the top baseball coaches in the country, which allowed them to gain highly valuable knowledge of the intricacies of coaching high-level college baseball players, whether that be knowledge of, in the case of Mr. Smart, advanced baserunning, hitting, fielding and other position-player skills, or knowledge of, in the case of Mr. Hacker, developing and refining advanced pitching skills, along with their work ethic, which allowed them to work the high number of hours that are demanded of Division I baseball coaches. The investigation remains ongoing, and Plaintiffs and reserve the right to supplement this Answer.

**INTERROGATORY NO. 9**:

For each of YOU individually, identify all sports-related work available to individuals with the skills, qualifications, and experience identified in YOUR response to Interrogatory No. 8.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs also object that the Interrogatory is unduly burdensome and overbroad to the extent that it seeks information regarding "*all*" of the sports-related work available anywhere in the entire world. Plaintiff also objects to the phrase "sports-related" as being vague, undefined, and overbroad, therefore causing the Interrogatory to seek irrelevant information. For instance, a hot dog vendor at a ballgame could be considered "sports-related work" but has no bearing on the claims or defenses in this case. Plaintiffs further object that the Interrogatory is speculative and overbroad to the extent that it seeks information that is not within their custody or control, and that would be better accessed by Defendant and its members. Plaintiff further objects to the extent that the Interrogatory calls for premature expert discovery. Plaintiffs also object that the Interrogatory is inconsistent with the Court's motion-to-dismiss order.

Through meeting and conferring, Defendant amended this interrogatory to request identification of "other sports-related positions for which that plaintiff is qualified." Plaintiffs maintain their objections to this interrogatory, which were identified in the prior paragraph. Indeed, Plaintiffs are not experts in determining what qualifications are needed to perform a particular job that may or may not even exist for unknown third parties other than the jobs that they actually served in or applied for, which have already been identified, so the revised interrogatory still calls for premature expert testimony and still calls for information that is outside Plaintiffs' control. Plaintiffs also object to the phrase "sports-related" as being vague, undefined, and overbroad, therefore further causing the Interrogatory to seek irrelevant information, and it is also still overbroad and not tailored to the needs of the case to the extent that it seeks information regarding any other "sports-related" job that Plaintiffs might possibly be qualified for.

Subject to and without waiving those objections, Plaintiffs state that they were and are qualified to work as paid Division-I baseball coaches. They also state that they were qualified to give

9   No. 2:22-cv-02125 WBS CSK

**PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS TAYLOR SMART AND MICHAEL HACKER**

1   private lessons to youths, to coach youths, and to work as baseball coaches at other levels of
2   competition that were inferior to Division-I and that required less coaching skills, though Plaintiffs
3   specifically deny that these lower levels are reasonable substitutes for coaching in Division I. Plaintiff
4   Smart also was qualified to work as a baseball scout for Major League Baseball teams, and was
5   qualified to work for certain coaching positions in professional baseball, but again, Plaintiffs
6   specifically deny that such jobs are reasonable substitutes for coaching in Division I, because, among
7   other things, coaching jobs and scouting jobs in professional baseball are quite different jobs than
8   coaching at the Division I level. The investigation remains ongoing, and Plaintiffs and reserve the
9   right to supplement this Answer.

**INTERROGATORY NO. 10**:

State all facts as to why the sports-related work identified in YOUR response to Interrogatory No. 8 are not reasonable substitutes for a coaching position at a Division I university.

**ANSWER:** Plaintiffs incorporate their Objections to NCAA's Definitions as if fully set forth herein. Plaintiffs also object that the Interrogatory is unduly burdensome and overbroad to the extent that it seeks information regarding "*all*" the facts available, and that it is a premature contention interrogatory. Plaintiff also objects to the phrase "sports-related" as being vague, undefined, and overbroad, therefore causing the Interrogatory to seek irrelevant information. Plaintiffs further object that the Interrogatory is overbroad to the extent that it seeks information that is not within their custody or control, and that would be better accessed by Defendant and its members. Plaintiff further objects to the extent that the Interrogatory calls for premature expert discovery. Plaintiffs also object that the Interrogatory is inconsistent with the Court's motion-to-dismiss order.

DATED: September 17, 2024

By: /s/ *Garrett R. Broshuis*
KOREIN TILLERY, LLC
Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney
Garrett R. Broshuis

*Attorneys for Plaintiffs*

10   No. 2:22-cv-02125 WBS CSK
**PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS TAYLOR SMART AND MICHAEL HACKER**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via email attachment, this 17th day of September, 2024, to all counsel of record.

                              /s/ *Garrett R. Broshuis*

| | |
|---|---|
| 1 | STEPHEN M. TILLERY *(pro hac vice)* |
| | stillery@koreintillery.com |
| 2 | STEVEN M. BEREZNEY (Bar No. 329923) |
| | sberezney@koreintillery.com |
| 3 | GARRETT R. BROSHUIS (Bar No. 329924) |
| | gbroshuis@koreintillery.com |
| 4 | **KOREIN TILLERY, LLC** |
| | 505 North 7th Street, Suite 3600 |
| 5 | St. Louis, MO 63101 |
| | Telephone: (314) 241-4844 |
| 6 | Facsimile: (314) 241-3525 |
| 7 | Attorneys for Plaintiffs Taylor Smart and |
| | Michael Hacker, Individually and on Behalf |
| 8 | of All Those Similarly Situated |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association;<br><br>Defendant. | No. 2:22-cv-02125 WBS CSK<br><br>Hon. William B. Shubb<br>(assigned to Chief Magistrate Judge Chi Soo Kim for discovery matters)<br><br>**VERIFICATION OF TAYLOR SMART REGARDING AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS** |

1  I, Taylor Smart, have reviewed the Amended Objections and Answers to Defendant NCAA's
2  Second Set of Interrogatories to Plaintiffs.  To the best of my knowledge, and based upon the
3  investigations performed to date, the answers are true and correct.

Dated: 09/17/2024            Signed: *Taylor Smart*

**VERIFICATION OF TAYLOR SMART REGARDING AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

STEPHEN M. TILLERY *(pro hac vice)*
  stillery@koreintillery.com
STEVEN M. BEREZNEY (Bar No. 329923)
  sberezney@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
  gbroshuis@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Attorneys for Plaintiffs Taylor Smart and
Michael Hacker, Individually and on Behalf
of All Those Similarly Situated

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, Individually and on Behalf of All Those Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association;<br><br>    Defendant. | No. 2:22-cv-02125 WBS CSK<br><br>Hon. William B. Shubb<br>(assigned to Chief Magistrate Judge Chi Soo Kim for discovery matters)<br><br>**VERIFICATION OF MICHAEL HACKER REGARDING AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS** |

No. 2:22-cv-02125 WBS CSK

**VERIFICATION OF MICHAEL HACKER REGARDING AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

I, Michael Hacker, have reviewed the Amended Objections and Answers to Defendant NCAA's Second Set of Interrogatories to Plaintiffs. To the best of my knowledge, and based upon the investigations performed to date, the answers are true and correct.

Dated: 09/19/2024        Signed: /s/ Michael Hacker

---

1   No. 2:22-cv-02125 WBS CSK

**VERIFICATION OF MICHAEL HACKER REGARDING AMENDED OBJECTIONS AND ANSWERS TO DEFENDANT NCAA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS**