| | |
|---|---|
| Dennis Stewart, CA Bar No. 99152<br>**GUSTAFSON GLUEK PLLC**<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 595-3299 | Robert J. Gralewski, Jr., CA Bar No. 196410<br>Marko Radisavljevic, CA Bar No. 306552<br>**KIRBY McINERNEY LLP**<br>1420 Kettner Boulevard, Suite 100<br>San Diego, CA 92101<br>Telephone: (858) 834-2044 |
| Daniel E. Gustafson, MN Bar No. 202241<br>Anthony J. Stauber, MN Bar No. 401093<br>**GUSTAFSON GLUEK PLLC**<br>Canadian Pacific Plaza<br>120 South 6th Street, Suite 2600<br>Minneapolis, MN 55402<br>Telephone: (612) 333-8844 | Leonard B. Simon, CA Bar No. 58310<br>**THE LAW OFFICES OF LEONARD B. SIMON P.C.**<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 818-0644 |
| Darryl J. Horowitt, CA Bar No. 100898<br>**COLEMAN & HOROWITT, LLP**<br>499 West Shaw, Suite 116<br>Fresno, CA 93704<br>Telephone: (559) 248-4820 | Michael Lieberman, DC Bar No. 1033827<br>Jamie Crooks, CA Bar No. 310447<br>Yinka Onayemi, NY Bar No. 5940614<br>**FAIRMARK PARTNERS, LLP**<br>1001 G Street NW, Suite 400E<br>Washington, DC 20001<br>Telephone: (818) 585-2903 |

*Attorneys for Plaintiffs Shannon Ray, Khala Taylor, Peter Robinson, Katherine Sebbane, and Rudy Barajas Individually and on Behalf of All Those Similarly Situated*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | Case No. 1:23-cv-00425<br><br>**[PROPOSED] ORDER APPROVING THE FORM AND MANNER FOR DISSEMINATION OF CLASS NOTICE**<br><br>Judge: Hon. William B. Shubb<br>Courtroom: 5, 14th Floor<br>Date: July 7, 2025<br>Time: 1:30 PM |

Before the Court is Plaintiffs' motion to appoint A.B. Data, Ltd. as the Class Certification Notice Administrator and approve the proposed manner and forms of notice submitted by Plaintiffs pursuant to Federal Rule of Civil Procedure Rule 23(c)(2)(B) ("Rule").

Having considered the Motion and Supporting Declarations and Memorandum of Points and Authorities raised by Plaintiffs, and good cause appearing therefore, the Court hereby approves Plaintiffs' Proposed Manner and Form of Class Notice and **GRANTS** Plaintiffs' Motion for Approval of the Manner and Form of Class Notice; and hereby **ORDERS AND ADJUDGES**:

1. The Court hereby approves the forms of Class Notice attached to the Declaration of Dennis Stewart in Support of Plaintiffs' Motion for Approval of the Manner and Form of Class Notice as Exhibits A and B (ECF Nos. 138-2 and 138-3).

2. The Court approves the Plan for dissemination of Notice set forth in the Declaration of Elaine Pang of A.B. Data Ltd. In Support of Plaintiffs' Motion for Approval of the Manner and Form of Notice (ECF No. 138-4) and directs notice be disseminated to the Certified Class members pursuant to Rule 23(c)(2) in a substantially similar fashion as that proposed in Plaintiffs' Motion.

3. A.B. Data Ltd. is hereby appointed as Class Certification Notice Administrator and ordered to effectuate the notice plan.

4. The proposed notice plan set forth in the Motion and the supporting declarations complies with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach Certified Class members who could not be individually identified.

5. The proposed notice documents (and the proposed manner of their dissemination to the Class) taken together comply with Rule 23(c)(2)(B) and due process because the notices, forms, and manner of transmission are reasonably calculated to adequately apprise Certified Class

members of: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

6. The Court finds that 60-day period for class members to submit requests to exclude themselves from the class satisfies due process and is an adequate period of time for notice recipients to consider the notice, consult with an attorney if desired, and opt out if desired.

7. The Court hereby sets the below schedule for the dissemination of notice to the class and for Certified Class members to submit requests to exclude themselves from the class:

| | |
|---|---|
| 30 days after the entry of the Notice approval order | Settlement Administrator to provide direct mail and email notice, and commence the publication Notice Plan |
| 61 days after the mailing of Notice | Last day for notice recipients to submit requests to exclude themselves from the class |
| At least 30 days after the deadline for requests for opt-outs | Plaintiffs to file a status update regarding execution of the notice process. |

**IT IS SO ORDERED.**

DATED:

_____
HON. WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE