1  CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
   Carolyn.Luedtke@mto.com
2  JUSTIN P. RAPHAEL (State Bar No. 292380)
   Justin.Raphael@mto.com
3  MEGAN McCREADIE (State Bar No. 330704)
   Megan.McCreadie@mto.com
4  DANIEL E. RUBIN (State Bar No. 359920)
   Daniel.Rubin@mto.com
5  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
6  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
7  Facsimile:    (415) 512-4077

8  Attorneys for Defendant *National Collegiate*
   *Athletic Association*

9

10                    UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

12

13  SHANNON RAY, KHALA TAYLOR,            Case No. 1:23-CV-00425-WBS-CSK
    PETER ROBINSON, KATHERINE
14  SEBBANE, and RUDY BARAJAS,
    individually and on behalf of all those    **DEFENDANT NCAA'S EVIDENTIARY**
15  similarly situated,                         **OBJECTIONS TO MATERIALS CITED**
                                                **IN PLAINTIFFS' MOTION FOR**
16            Plaintiffs,                        **PARTIAL SUMMARY JUDGMENT**

17       vs.                              Judge: Hon. William B. Shubb
                                          Courtroom:  5, 14th Floor
18  NATIONAL COLLEGIATE ATHLETIC          Date: September 29, 2025
    ASSOCIATION, an unincorporated        Time: 1:30 PM
19  association,

20            Defendant.

21

22

23

24

25

26

27

28

## DEFENDANT NCAA'S EVIDENTIARY OBJECTIONS TO MATERIALS CITED IN PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs, as the party moving for summary judgment, have the burden to show there is no genuine dispute of material fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  The NCAA may "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  *Id.* 56(c)(2).  The NCAA hereby objects to the following materials Plaintiffs cite in support of their motion for partial summary judgment on the basis that such materials would not be admissible in evidence at trial.[1]

1.      The NCAA objects to Exhibit 18 to the Declaration of Michael Lieberman in Support of Plaintiffs' Motion for Summary Judgment ("Lieberman Declaration") under Federal Rule of Evidence 407 insofar as Plaintiffs rely on the repeal of the challenged bylaws to prove the NCAA engaged in culpable conduct.  *See* Fed. R. Evid. 407; *Noble v. McClatchy Newspapers*, 533 F.2d 1081, 1090 (9th Cir. 1975) (affirming decision "to exclude evidence that McClatchy deleted allegedly anticompetitive provisions in the distributorship contracts" (citing Fed. R. Evid. 407)), *vacated on other grounds*, 433 U.S. 904 (1977).

2.      The NCAA objects to Exhibits 7 and 25 to the Lieberman Declaration under Federal Rule of Evidence 407 insofar as Plaintiffs rely on those materials to argue that "college athletics has continued unabated and is generating record revenues" following the repeal of the challenged bylaws.  Mot. at 13; Plaintiffs' Statement of Undisputed Facts 47; *see also* Fed. R. Evid. 407; *see also, e.g.*, *United States v. Patel*, No. 3:21-cr-220 (VAB), 2023 WL 2643815, at *28 (D. Conn. Mar. 27, 2023) ("[E]vidence that, after the end of the alleged conspiracy, Defendants . . . successfully engaged in the business of aerospace engineering services without the use of no-poach agreements with competitors is inadmissible under Rule 407." (cleaned up)).

---

[1] For purposes of this motion, the NCAA will not object to evidence that is only irrelevant, speculative, or argumentative, or that constitutes improper legal conclusions.  Although the NCAA reserves the right to raise such objections at trial, they are "duplicative of the summary judgment standard" and are encompassed within the NCAA's argument that certain facts are not material. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1118–20 (E.D. Cal. 2006) (Shubb, J.).

1    3.    The NCAA objects to evidence of statements made by the NCAA Division I

2 Council Legislative Committee (Exhibit 18 to the Lieberman Declaration), the NCAA Division I

3 Transformation Committee (Exhibits 19 and 21), the NCAA Division I Legislative Committee

4 Modernization of the Rules Subcommittee (Exhibit 20), and Southeastern Conference

5 Commissioner Greg Sankey (Exhibit 23), insofar as Plaintiffs contend that those statements show

6 that the challenged bylaws were wrongful or anticompetitive. *See* Mot. at 6–7, 18–19, 21–22, 27;

7 Plaintiffs' Statement of Undisputed Facts 32–38, 44.  The repeal of the bylaws is a measure "that

8 would have made an earlier injury or harm less likely to occur," and statements advocating for the

9 repeal are inadmissible under Federal Rule of Evidence 407.  Fed. R. Evid. 407; *see, e.g.*, *In re Air*

10 *Crash Disaster*, 86 F.3d 498, 532 (6th Cir. 1996) (holding memorandum that was "part of a

11 discussion about whether McDonnell Douglas should recommend [a] check in the future" was

12 inadmissible under Federal Rule of Evidence 407); *Polypack, Inc. v. Nestle USA, Inc.*, No. 8:23-

13 cv-318-SPF, 2025 WL 1148684, at *4 (M.D. Fla. Apr. 18, 2025) (holding "forward-facing

14 recommendations" that "set forth an action plan" and "proposed a remedy" based on prior

15 experience inadmissible under Federal Rule of Evidence 407); *Alimenta (U.S.A.), Inc. v. Stauffer*,

16 598 F. Supp. 934, 940 (N.D. Ga. 1984) (holding report prepared "for the purpose of improving

17 . . . procedures and controls" inadmissible under Federal Rule of Evidence 407).

18    4.    The NCAA objects to Exhibit 23 to the Lieberman Declaration on the grounds that

19 the statements cited in Mr. Sankey's letter are hearsay that do not fall with any exemption or

20 exception to the hearsay rules.  Plaintiffs proffer the out-of-court statements in the letter to prove

21 the truth of the matters asserted therein.  *E.g.*, Mot. at 21–22 (relying on assertion in Mr. Sankey's

22 letter that eliminating the volunteer coach position would increase opportunities to support an

23 inference that the volunteer coach position "did not expand opportunities").  Because no

24 exemption or exception applies, the letter is inadmissible under Federal Rule of Evidence 802.

25    5.    Mr. Sankey's statements concerning the repeal of the bylaw, as reflected in

26 Exhibit 23 to the Lieberman Declaration, do not qualify under the "co-conspirator" exemption to

27 hearsay, Fed. R. Evid. 801(d)(2)(E), because statements that seek to terminate an alleged

28 conspiracy are not made "in furtherance of the conspiracy."  *See United States v. Williams*, 989

1    F.2d 1061, 1068 (9th Cir. 1993) (statement is in furtherance of a conspiracy only if it "advance[s]

2    a common objective of the conspiracy or set[s] in motion a transaction that is an integral part of

3    the conspiracy"); *United States v. Nazemian*, 948 F.2d 522, 529–30 (9th Cir. 1991) (district court

4    clearly erred by admitting co-conspirator statement that indicated co-conspirator's desire "to

5    thwart" the alleged conspiracy).

6

7    DATED:  August 15, 2025              MUNGER, TOLLES & OLSON LLP

8

9                                        By:  _____*/s/ Justin P. Raphael*_____
                                              JUSTIN P. RAPHAEL
10                                            Attorneys for Defendant National Collegiate
                                              Athletic Association
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT NCAA'S EVIDENTIARY OBJECTIONS TO MATERIALS CITED IN PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or record registered for electronic filing.

By: */s/ Justin P. Raphael*
Justin P. Raphael

Case No. 1:23-cv-00425-WBS-CSK
DEFENDANT NCAA'S EVIDENTIARY OBJECTIONS TO MATERIALS CITED IN PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT