# EXHIBIT D

Proposed Order Granting Motion for Preliminary Approval of Settlement

Dennis Stewart, CA Bar No. 99152
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-3299

Daniel E. Gustafson, MN Bar No. 202241
Anthony J. Stauber, MN Bar No. 401093
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

Darryl J. Horowitt, CA Bar No. 100898
**COLEMAN & HOROWITT, LLP**
499 West Shaw, Suite 116
Fresno, CA 93704
Telephone: (559) 248-4820

Robert J. Gralewski, Jr., CA Bar No. 196410
Marko Radisavljevic, CA Bar No. 306552
**KIRBY McINERNEY LLP**
1420 Kettner Blvd., Suite 100
San Diego, California 92101
Telephone: (619) 784-1442

Leonard B. Simon, CA Bar No. 58310
**THE LAW OFFICES OF LEONARD B. SIMON P.C.**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644

Michael Lieberman, DC Bar No. 1033827
Jamie Crooks, CA Bar No. 310447
Yinka Onayemi, NY Bar No. 5940614
Michael Goldberg, MA Bar No. 709203
**FAIRMARK PARTNERS, LLP**
400 7th Street NW, Suite 304
Washington, DC 20004
Telephone: (818) 585-2903

*Attorneys for Plaintiffs Shannon Ray, Khala Taylor,*
*Peter Robinson, Katherine Sebbane, and Rudy Barajas*
*Individually and on Behalf of All Those Similarly Situated*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | Case No. 1:23-cv-00425<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Judge: Hon. William B. Shubb<br>Courtroom: 5, 14th Floor |

WHEREAS, the above-captioned litigation (the "Action") is pending before this Court;

WHEREAS, the Court entered an "Memorandum and Order re: Plaintiffs' Motion for Class Certification and Defendant's Motion to Exclude Expert Testimony" (ECF No. 128) ("Class Certification Order") that certified the following Class consisting of: "All persons who, from March 17, 2019, to June 30, 2023, worked for an NCAA Division I sports program other than baseball in the position of "volunteer coach," as designated by NCAA Bylaws;"

WHEREAS, the Court previously appointed Plaintiffs Shannon Ray, Khala Taylor, Peter Robinson, Katherine Sebbane, and Rudy Barajas ("Plaintiffs") as class representatives;

WHEREAS, the Court previously appointed the law firms of Gustafson Gluek PLLC, Kirby McInerney LLP, and Fairmark Partners, LLP as Class Counsel;

WHEREAS, Class Counsel caused notice to be provided to members of the Class pursuant to the "Order Approving the Form and Manner for Dissemination of Class Notice" (ECF No. 146);

WHEREAS, Plaintiffs and the National Collegiate Athletic Association ("Defendant" or "NCAA") have determined to settle all claims asserted against NCAA in this Action with prejudice on the terms and conditions set forth in the Settlement Agreement dated November 10, 2025 (the "Agreement") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as they have in the Agreement;

Having considered the Motion for Preliminary Approval of Settlement, the declarations and exhibits filed in support, the pleadings and other papers on file in this action, the statements of counsel and the parties, and the terms and conditions of the proposed Settlement Agreement, the Court hereby orders that the Motion is GRANTED.

IT IS FURTHER ORDERED THAT:

1. **Preliminary Approval of the Settlement.** The Proposed Settlement is preliminarily approved as fair, just, reasonable, and adequate to the Class Members, subject to further consideration at the Final Fairness Hearing after distribution of Notice to Class Members.

2. **Approval of Claims Administrator and Notice.** AB Data, Ltd. ("A.B. Data") is appointed as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement, as well as the processing of Claims. The Court approves, as to form and content, the proposed Notice Plan set forth in Exhibits A-E of the Declaration of Elaine Pang in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, except to the extent that the proposed notices must be updated to reflect the dates and deadlines specified in this Order and other information such as website addresses and phone numbers.

3. No later than seven (7) calendar days from the date this Order is signed, counsel shall provide the Claims Administrator with the class members' names, physical mailing addresses, telephone numbers, email addresses, and any other information pertinent to the administration of the Settlement, if they have not done so already.

4. No later than fourteen (14) calendar days from the date this Order is signed, the Claims Administrator shall send a Notice of Class Action Settlement to all known members of the class via first class mail and/or email, and shall commence the publication Notice campaign. If a Notice is returned to the Claims Administrator with a forwarding address, the Claims Administrator will re-send the Notice to the forwarding address. If no forwarding address is provided, the Claims Administrator will use reasonable efforts to locate a more current address. Contemporaneously with the mailing of the Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the Settlement Website, from which copies of the Long-Form Notice and Proof of Claim and Release Form ("Claim Form") can be accessed.

5. No later than thirty-five (35) days before the Final Fairness Hearing, the Claims Administrator shall prepare, and Class Counsel shall file with the Court and serve Defendant's Counsel, a declaration setting forth the services rendered, proof of mailing, a list of all Class Members who have filed requests for exclusion, and a list of all members of the class who have commented upon or objected to the settlement.

6. **Final Fairness Hearing.** A Final Fairness Hearing shall be set to occur before this Court on **April 21, 2026** in Courtroom 5 of the Robert T. Matsui United States Courthouse, 501 I

Street, Sacramento, California, to determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by this Court; whether the class's claims should be dismissed with prejudice and judgment entered upon final approval of the Settlement; whether final class certification is appropriate; and to consider class counsel's applications for attorney's fees, costs, and service awards for the Class Representatives. The Court may continue the Final Fairness Hearing without further notice to the members of the class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7. **Effect of and Participation in the Settlement.** Class Members who do not timely and validly request exclusion from the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit a Claim Form or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

8. Class Members who wish to participate in the Settlement must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be mailed or submitted electronically no later than 21 days after the date of the Final Fairness Hearing. Any Class Member who does not timely submit a Claim Form shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Agreement and the Judgment, if entered. Notwithstanding the foregoing, Class Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Class Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

3

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

9. Any Class Member may enter an appearance in the Action, at his, her, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Class Counsel.

10. **Exclusion and Objections.** No later than forty-five (45) days from the date the Claims Administrator mails or emails the Notice of Class Action Settlement, though in the case of a re-mailed notice the deadline will be extended by fifteen (15) days, any member of the class who intends to object to or opt out of the settlement shall provide written notice of that intent pursuant to the instructions in this Order and the Notice.

11. Any Class Member who wishes to exclude himself or herself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice. Each request for exclusion must provide documents sufficient to prove membership in the Class, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative. A Class Member seeking to exclude himself or herself from the Class may be asked to provide data and documentation related to his or her work as volunteer coach during the Class Period. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Any person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12. Any Class Member who does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his or her right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable

to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims, as more fully described in the Agreement and Notice.

13. Any Class Member who does not request exclusion from the Class may appear at the Final Fairness Hearing (themselves or through counsel) and be heard to the extent allowed by the Court in support of, or in opposition to, (a) the fairness, reasonableness, and adequacy of the proposed settlement, (b) the proposed Plan of Allocation, (c) the requested award of attorney's fees, (d) the requested reimbursement of expenses and costs, and (e) the requests for service awards to the Class Representatives. To be heard in opposition at the Final Fairness Hearing, a person must file and serve a written objection in accordance with the deadlines and requirements in this Order and the Notice.

14. Any objections, filings, and other submissions by the objecting Class Member must include: (a) the case name *Ray v. NCAA*, Case No. 1:23-cv-00425 (E.D. Cal.); (b) the Objector's name, address, email address, and the identity of and contact information for any attorney representing the Objector; (c) the legal or factual basis for the objection; (d) documentation sufficient to prove the Objector's membership in the Class; (e) a list of any witnesses, exhibits, or legal authority that the Objector intends to offer; (f) whether the Objector intends to appear, either in person or through counsel, at the Fairness Hearing; (g) whether the objection applies only to the Objector, to a subset of the Class, or to the Class as a whole; and (h) a list of all class action settlements to which the Objector and their counsel have previously objected. If the Objector does not timely and validly submit his or her objection, his or her views may not be considered by the Court or any court on appeal.

15. Responses to any properly served objections shall be served by hand or through the mails on the Objector(s), or on the Objector's counsel if there is any, and filed with the court no later than fourteen (14) calendar days before the Final Fairness Hearing. Objectors may file optional replies no later than seven (7) calendar days before the Final Fairness Hearing in the same manner described above.

16. Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived his, her, or their right to object to any aspect of the proposed Settlement, the judgment entered, and the award of attorney's fees, costs, and service awards to the Class Representatives unless otherwise ordered by the Court, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the settlement, the judgment entered, and the award of attorney's fees, costs, and service awards to the Class Representatives in this or any other proceeding.

17. **Papers To Be Submitted Before the Final Fairness Hearing.** No later than thirty-five (35) days before the Final Fairness Hearing, class counsel shall file with the Court and serve upon Defendant's Counsel all papers in support of the settlement, any requests for service awards for the Class Representatives, and any petition for attorney's fees, expenses, and costs. Any objections or responses to the fee petition shall be filed no later than twenty-one (21) days before the Final Fairness Hearing. Class counsel may file a reply to any objections no later than fourteen (14) days before the final fairness hearing.

18. **Settlement Administration Fees and Expenses.** All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Agreement in paragraph 6.2 without further order of the Court.

19. **Escrow Agent.** Huntington Bank is appointed as the Escrow Agent. The Court approves the establishment of the escrow account as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may rise in connection with the formulation or administration of the QSF. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and further order(s) of the Court.

20. **Stay and Temporary Injunction.** All deadlines in the case, other than those incident to the settlement process, are stayed pending a final decision regarding approval of the

Settlement. Pending final determination of whether the Settlement should be approved, the Court preliminarily enjoins all Class Members (unless and until the Class Member has submitted a timely and valid Request for Exclusion) from filing or prosecuting any claims, suits, or administrative proceedings regarding claims to be released by the Settlement.

21.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

22.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

Dated:

By: /s/_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE