UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBANNE, and RUDY BARAJAS, Individually and on Behalf of Hall Those Similarly Situated,

                    Plaintiffs,

        v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,

                    Defendant.

No. 1:23-cv-00425 WBS CSK


ORDER RE: REQUEST TO SEAL

----oo0oo----

        Plaintiffs have filed a request to seal in connection with their preliminary approval of a class action settlement, seeking to redact the settlement agreement's threshold percentage of opt-outs needed to trigger the agreement's termination clause. (Docket No. 158.)

        A party seeking to seal a judicial record bears the

1

burden of overcoming a strong presumption in favor of public access.  See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  The party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (citation omitted).  In ruling on a motion to seal, the court must balance the competing interests of the public and the party seeking to keep records secret.  See id. at 1179.

As other courts have explained, a settlement agreement's opt-out threshold for termination is likely "not important to any individual class members' decision to either remain in or opt out of the class," while public revelation of that number raises a "potential for abuse" by so-called "professional objectors" (i.e., "attorneys for class members who extort additional payments from the parties in exchange for not delaying or tanking the whole settlement").  See Friedman v. Guthy-Renker, LLC, No. 2:14-cv-06009 ODW AGR 2016 WL 5402170, at *2 (C.D. Cal. Sept. 26, 2016); see also, e.g., In re Lyft Inc. Sec. Litig., No. 19-CV-02690 HSG, 2023 WL 2960006, at *2 (N.D. Cal. Mar. 16, 2023); In re Yahoo! Inc. Sec. Litig., No. 17-cv-00373-LHK, 2018 WL 11349976, at *2 (N.D. Cal. May 9, 2018); Thomas v. Magnachip Semiconductor Corp., No. 14-cv-01160 JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016).  There are therefore compelling reasons to grant plaintiffs' request.

IT IS THEREFORE ORDERED that plaintiffs' request to

2

seal (Docket No. 158) be, and the same hereby is, GRANTED.  The redacted version of the document has already been filed on the publicly available docket.  (See Docket No. 159-1 at 25.) Defendants shall file the unredacted version of the settlement agreement under seal within five days.

Dated:  February 5, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3