Dennis Stewart, CA Bar No. 99152
**GUSTAFSON GLUEK PLLC**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (612) 333-8844

Daniel E. Gustafson, MN Bar No. 202241
Anthony J. Stauber, MN Bar No. 401093
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

Darryl J. Horrowitt, CA Bar No. 100898
**COLEMAN & HOROWITT, LLP**
499 West Shaw, Suite 116
Fresno, CA 93704
Telephone: (559) 248-4820

Robert J. Gralewski, Jr., CA Bar No. 196410
Marko Radisavljevic, CA Bar No. 306552
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: (858) 834-2044

Leonard B. Simon, CA Bar No. 58310
**THE LAW OFFICES OF LEONARD B. SIMON P.C.**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644

Michael D. Lieberman, DC Bar No. 1033827
Jamie Crooks, CA Bar No. 310447
Yinka Onayemi, NY Bar No. 5940614
Michael Goldberg, MA Bar No. 709203
**FAIRMARK PARTNERS, LLP**
400 7th Street, Suite 304
Washington, DC 20004
Telephone: (818) 585-2903

*Attorneys for Plaintiffs Shannon Ray, Khala Taylor,*
*Peter Robinson, Katherine Sebbane, and Rudy Barajas,*
*Individually and on Behalf of All Those Similarly Situated*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBANE, and RUDY BARAJAS, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | Case No. 1:23-cv-00425 WBS CKS<br><br>**DECLARATION OF DENNIS J. STEWART IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ESTABLISH PROTOCOLS REGARDING THIRD-PARTY CLAIMS PURCHASERS**<br><br>Judge: Hon. William B. Shubb<br>Courtroom: 5, 14th Floor<br>Date: May 11, 2026<br>Time: 1:30 p.m. |

DECLARATION OF DENNIS J. STEWART IN SUPPORT OF PLAINTIFFS' MOTION TO ESTABLISH PROTOCOLS REGARDING THIRD-PARTY CLAIMS PURCHASERS

I, the undersigned, declare as follows:

1.      I am an attorney duly licensed to practice before the Courts of the State of California and various federal courts including this Court. I am an attorney at Gustafson Gluek PLLC which has been appointed co-lead counsel for the Plaintiffs and the Class in this case and submit this Declaration on behalf of all co-lead counsel in support of Plaintiffs' Motion to Establish Protocols Regarding Third-Party Claims Purchasers. I have personal knowledge of the facts stated in this Declaration and could and would testify competently to the matters stated herein.

2.      Two individuals have contacted me, and I have communicated with them, about purchasing claims of class members.  They are: 1) Austin Viny who corresponded relating to a website entitled www.ncaaclaimsettlement.com and an entity he identified as Phoenix TF LLC; and 2) Dov Kleiner, identified as counsel to Claims Nexus LLC.  I am informed by AB Data, the Settlement Administrator, that they have been contacted by a third firm, GTS Finance.

## Phoenix TF, LLC

3.      On January 26, 2026, I received an email from Austin Viny stating that he "run[s] an investment firm that has been following [this case]" and "has been speaking to claimants in that settlement about purchasing their claims"  He requested that we discuss with him "what documentation [we] would like to see …regarding transfers of claims in the case".   . A true and correct copy of the January 26, 2026 email from Mr. Viny is attached hereto as **Exhibit A.**

4.      On January 27, 2026, I received another email form Mr. Viny stating "[a] claimant in the Ray v. NCAA settlement is seeking to transfer ownership of their claim . . . . Could you advise as to what documentation you would need to see in order to successfully acknowledge this transfer?" A true and correct copy of the January 27, 2026 email from Mr. Viny is attached hereto as **Exhibit B.**

5.      On January 28, 2026, I received  a voicemail from Mr. Viny who stated, in part, that he "was in the process of purchasing" certain claimants' settlement claims" and "wanted to reach

1

DECLARATION OF DENNIS J. STEWART IN SUPPORT OF PLAINTIFFS' MOTION TO ESTABLISH PROTOCOLS REGARDING THIRD-PARTY CLAIMS PURCHASERS

out [to me] on what you guys would need or want from us to verify the transfer of the claim" and requesting that I call him.

6.      Later on January 28, 2026, I spoke briefly with Mr. Viny by telephone.  At that time, I told him he needed to email me who he was, what he was proposing to do and send a copy of all communications and advertisements etc. his company had had with class members or prospective class members. During the call he stated that he had communicated with some class members.

7.      Following our phone call, Mr. Viny sent me an email stating that he owned a website called www.ncaasettlement.com and "ran" a firm called Phoenix TF, LLC, who was "a buyer and broker of class action and bankruptcy claims" and was "interested in making an offer to Authorized Claimants in the Ray v. NCAA case to purchase their claims in the settlement." He stated "[w]e have sent an initial email to around 30 potential claimants in this case so far to gauge their interest in receiving offers." A true and correct copy of the January 28, 2026 email from Mr. Viny is attached hereto as **Exhibit C.**

8.      Mr. Viny's January 28, 2026 email also attached an example communication that he had apparently sent to Class Members. A true and correct copy of the purported example communication is attached hereto as **Exhibit D.**

9.      A true and correct copy of the webpage at www.ncaaclaimsettlement.com as of the filing of this Declaration is attached hereto as **Exhibit E.**

### Claims Nexus, LLC

10.      On February 13, 2026, I received an email from Mr. Dov Kleiner representing his client, Claims Nexus LLC. Mr. Kleiner similarly indicated that "Claims Nexus intends to purchase claims from some Ray NCAA Case class members who may be interested in early liquidity and certain payout and we were hoping to get the cooperation of class counsel and the claims administrator." Mr. Kleiner indicated that Claims Nexus was "an active buyer of class member claims" and attached to his email the September 16, 2025 Order entitled "Order

2

DECLARATION OF DENNIS J. STEWART IN SUPPORT OF PLAINTIFFS'
MOTION TO ESTABLISH PROTOCOLS REGARDING THIRD-PARTY CLAIMS
PURCHASERS

Regarding Third-Party Claims Buyout Services" entered in *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.). A true and correct copy of that email is attached hereto as **Exhibit F**.

11.     I communicated with Mr. Kleiner by email and on March 9, I had a telephone conference with Mr. Kleiner and his client.  During that call, Mr. Kleiner and I discussed Plaintiffs counsels' issues and concerns with purchases of claims (as described more fully in this motion).  I informed him that in light of the likelihood of other firms seeking to buy class member's claims and of our judgement that such practices need to be brought to the attention of the Court and protocols established that we would be moving the Court and would provide him a copy of our motion.  I invited him to consider the issues raised on our call and in the motion and that we remained open to any further discussion his client wished to have.

### GTS Finance

12.     A third firm, GTS Finance, contacted AB Data and left a voicemail message about its potential interest in purchasing class members' claims.  I have had no communication with GTS Finance.

13.     Contemporaneous with this filing, I am providing Mr. Viny (Phoenix TF, LLC) and Mr. Kleiner (Claims Nexus, LLC) with a set of the filed motion papers.

### Proposed Disclosures

14.     As detailed in their motion, Plaintiffs request that the Court approve the posting on the Settlement Website of a disclosure in substantially the form and content to the one attached hereto as **Exhibit G.**

15.     Plaintiffs request that the court require that all Third-Party Claims Purchasers, as a condition of an effective transfer of the Class Member's right to receive proceeds under the Settlement from the Settlement Fund to be recognized by the Administrator, have transmitted to each such Class Member the disclosure attached hereto as **Exhibit H** prior to the Class Member entering into a sale of the Class Member's rights to receive its share of the Settlement proceeds.

3

DECLARATION OF DENNIS J. STEWART IN SUPPORT OF PLAINTIFFS'
MOTION TO ESTABLISH PROTOCOLS REGARDING THIRD-PARTY CLAIMS
PURCHASERS

16.    Plaintiffs request that the court require Third-Party Claims Purchasers to satisfy certain other conditions in order to receive proceeds under the Settlement, including providing to the Claims Administrator the Indemnification Agreement attached hereto as Exhibit **I.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 20, 2026.

By: */s/ Dennis Stewart*
Dennis Stewart
Gustafson Gluek PLLC
600 W. Broadway, Suite 3300
San Diego, CA 92101

4

DECLARATION OF DENNIS J. STEWART IN SUPPORT OF PLAINTIFFS'
MOTION TO ESTABLISH PROTOCOLS REGARDING THIRD-PARTY CLAIMS
PURCHASERS