UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBANNE, and RUDY BARAJAS, individually and on behalf of all those similarly situated,

               Plaintiffs,

    v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,

             Defendant.

No. 1:23-cv-425 WBS CSK

ORDER ESTABLISHING PROTOCOLS FOR THIRD-PARTY CLAIMS PURCHASERS

----oo0oo----

Contingent upon the court's granting final approval of the parties' proposed settlement in this class action, plaintiffs also filed a motion to establish protocols regarding third-party claims purchasers (plaintiffs' "motion").  (Docket No. 170.) Upon consideration of the foregoing motion, the papers submitted

1

in support thereto, the nonopposition of all nonmoving parties,[1] and the court having now granted final settlement approval (Docket No. 176), the court finds that plaintiffs have shown good cause.

IT IS THEREFORE ORDERED that plaintiffs' motion (Docket No. 170) be, and the same hereby is, GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED AND DECREED that:

(1)   Class Counsel and the Settlement Administrator are authorized to post on the Settlement Website a disclosure substantially in the form and content of Exhibit G to the Stewart Declaration (Docket No. 170-3 at 19—21);

(2)   As a condition of effective transfer of Class Members' rights to receive proceeds under the Settlement and for any such transfer to be recognized by the Settlement Administrator, all Third Party Claims Purchasers must transmit the disclosure attached as Exhibit H to the Stewart Declaration (id. at 23—25) to the Class Member prior to entering into a sale;

(3)   The Settlement Administrator shall not recognize the transfer of any Class Members' rights to receive proceeds under the Settlement unless all of the following conditions have been satisfied:

   a.   The Class Member has been informed, after request, of the amount of the payout to which they are entitled as determined by the Administrator after the Claims Filing Date and;

   b.   The Third-Party Claims Purchaser has submitted to the Administrator as to each such transfer a complete and unredacted written Bill of Sale signed and notarized by the Class Member, which includes:

      i.   the financial terms of the transaction;

      ii.   a recital, separately signed by the Class Member, acknowledging that the Class Member,

---

[1]   Under Local Rule 230(c), any opposition to a motion must be filed within 14 days of the motion's filing and "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."  E.D. L.R. 230(c).

prior to signing the Bill of Sale, received and reviewed both:

        1.   The disclosure required by this Order (Exhibit H (id. at 23–25)) and;

        2.   The statement of the Class Member's claim value as calculated by the Administrator;

    iii.   The agreement of the Third-Party Claims Purchaser to submit to the jurisdiction of this Court to resolve (and designating a party authorized to receive service by mail in connection with) any disputes arising out of the sale of, or payment on, a Class Member's transfer of rights to receive proceeds under the Settlement;

(4)   The Settlement Administrator shall not recognize any assignment of a Class Member's right to receive proceeds under the Settlement unless and until the Third-Party Claims Purchaser:

   a.   Submits to the Claims Administrator proof of compliance with each of the provisions of this Court's Order;

   b.   Proof of prior payment to the Class Member of the agreed purchase amount reflected in the Bill of Sale; and

   c.   Provides to the Administrator the Indemnification Agreement attached as Exhibit I to the Stewart Declaration (id. at 27).

IT IS SO ORDERED.

Dated:  May 11, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3